THE PEOPLE OF THE STATE OF NEW YORK, RESPOND-ENT, *v.* JOHN ANDREWS, APPELLANT.

*Selling liquor without a license — exclusive jurisdiction of the Special Sessions — what amounts to a surrender thereof — social club; whether gotten up simply to evade the law a question for the jury.*

Under a charge of selling liquor without a license an information was first filed before a justice of the peace, who entered upon the examination of the persons designated in the information. Pending such examination, and before a warrant was issued, the complainant notified the justice that he had concluded to proceed no further before him but to take the matter before the grand jury; the justice thereupon sent the papers to the district attorney and did nothing further in the case. The defendant was subsequently indicted by the grand jury, and upon the trial of the indictment the court was asked to instruct the jury to acquit the defendant on the ground that neither the grand jury nor the trial court had jurisdiction over the subject-matter, a complaint having been previously made to a committing magistrate, which, under subdivision 32 of section 56 of the

Code of Criminal Procedure, subject to the power of removal provided for in that chapter, gave to the court of Special Sessions exclusive jurisdiction, in the first instance, to determine the charge.

*Held*, that, although there was no order of discontinuance entered by the justice, yet, as he appeared to have acquiesced in the proposition to laying the matter before the grand jury, that what took place before him amounted to a withdrawal and discontinuance of the case in which he acquiesced, and thereby surrendered jurisdiction of the case.

The defendant was the steward of a social club and the liquor was sold by him to the members of the club, who, with their friends, visited the club-house and drank the same.

*Held*, that the delivery of the liquor upon the order of a member of the club to a person not a member of the club, the liquor being paid for by the member, was not a violation of the statutes relating to the sale of strong and spirituous liquors to be drank on the premises without a license.

That the question whether the club was a mere fraudulent device, gotten up for the purpose of evading the excise law, might properly have been submitted to the jury had any request been made therefor.

APPEAL from a judgment of the Cayuga Court of Sessions, entered on June 5 1888, upon a verdict convicting the defendant of the offense of selling strong and spirituous liquors to be drank on the premises without having a license.

*H. Greenfield*, for the appellant.

*A. P. Rich*, district attorney, for the respondent.

HAIGHT, J. :

Information was first filed before a justice of the peace who entered upon an examination of the persons designated in the information. Pending such examination and before a warrant was issued the attorneys for the complainant notified the justice that they had concluded to proceed no further before him, but had decided to take the matter before the grand jury of the county. The justice thereupon did nothing further in the case, but thereupon sent the papers to the district attorney. Subsequently the defendant was indicted by the grand jury of the county, and upon the trial of the indictment, and after the evidence was closed, the defendant asked the court to instruct the jury to acquit the defendant or that his discharge be ordered on the ground that it appears from the evidence that neither the grand jury that found the indictment nor the trial court had or has any · jurisdiction of the subject matter, the

complaint having been previously made to the court of the Special Sessions of the county for the same offense charged in the indictment. The court denied the requests, and exception was taken by the defendant.

The provision upon which this motion is based is as follows: "Subject to the power of removal provided for in this chapter, Courts of Special Sessions, except in the city and county of New York and the city of Albany, have, in the first instance, exclusive jurisdiction to hear and determine charges of misdemeanors committed within their respective counties, as follows: * * * when a complaint is made to or a warrant is issued by a committing magistrate for a violation of the law relating to excise and the regulation of taverns, inns and hotels, or for unlawfully selling or giving to any Indian spirituous liquors or intoxicating drinks." (Code of Crim. Pro., § 56, sub. 32, as amended by chap. 379 of 1884.) The provision is so clear and explicit as to require no interpretation. When a complaint is made to a committing magistrate for a violation of the law relating to excise, the magistrate, subject to the power of removal provided for, obtains exclusive jurisdiction to hear and determine the charge.

In this case complaint in writing was filed with the magistrate, and under the provisions of this section he doubtless acquired exclusive jurisdiction of the case; but it appears that during the preliminary examination of the witnesses for the purpose of determining whether a warrant should issue, the attorney for the complainant decided to take the matter before the grand jury, and so notified the justice. There was no order of discontinuance entered, but the justice appears to have acquiesced in the proposition to lay the matter before the grand jury, for he thereupon sent the papers to the district attorney of the county. We are, consequently, of the opinion that what took place amounted to the withdrawal and discontinuance of the case before the magistrate, and that he acquiesced and consented to such withdrawal and discontinuance, thus surrendering his jurisdiction of the case, and that the grand jury and Court of Sessions were subsequently invested with jurisdiction.

The defense was that the defendant was a steward of a social club ; that the liquor sold by him was to members of the club.

The court, in its charge to the jury, stated that it appeared from the evidence that friends of the members of the association sometimes visited the club-house, and that such friends had been delivered liquors, upon the order of the members, which was paid for by the members; and then charged, in substance, that a delivery of liquors upon the order of a member to a party not a member, and the payment by the member to the steward constitutes a sale of intoxicating liquors within the provisions of the statute forbidding such sale without a license. Exception was taken by the defendant to this charge. It was the only question submitted to the jury, and the conviction must be deemed to have been made upon this theory.

Social clubs, for legitimate purposes, are authorized by the statute, and when approved by a justice of the Supreme Court of the district in which the club is located, a certificate may be filed and the club incorporated. Under such organizations the property of the club becomes the joint property of its members, and the furnishing of liquors or wines to the members by the steward is not a violation of the statute, and we do not understand that the entertaining of a guest or friend by a member with wines or liquor at the club-house would be any more of a violation of the statute than it would if such entertainment was given at his private residence. (*Commonwealth* v. *Ewig*, 145 Mass., 119.) We are, consequently, of the opinion that the charge was erroneous and that the exception thereto was well taken.

It is contended, on the part of the district attorney, that the club was a fraudulent concern organized for the purpose of evading the excise law. The evidence tends to show that the defendant had previously been a saloon keeper occupying the same premises; that he was refused a license, and thereupon this club was organized, and a portion of the premises in which the bar was located was leased to the club; that the defendant became the treasurer and steward of the club; that he has made all the purchases of liquors in the name of the club and sold them to members, to be drank upon the premises, receiving the pay therefor, as such steward. Members on joining the club were required to pay fifty cents, which was returned to them upon their withdrawal. The club was not incorporated. A constitution and by-laws were prepared and introduced in evidence for the purpose of showing the organization of the club.

Whilst, as we have stated, the statute authorizes the formation of clubs for legitimate purposes, it does not authorize the formation of a club for the purposes of evading the laws of the State, and if, as is claimed, this club was organized for such a purpose, if it is merely a scheme and a device to continue the sale of strong and spirituous liquors without a license, thereby evading the laws relating to excise, it operates as no defense or shield to those engaged in the traffic, and it is the duty of the court and jurors to disregard the scheme or device and faithfully execute the law according to its true spirit and intent.

The difficulty with this case is, that the trial court did not submit to the jury the question as to whether this organization was a scheme or a device to evade the excise law. On the contrary, the court, in its charge, appears to have assumed that it was a valid and legitimate organization, and that the intoxicating liquors sold by the defendant were the property of the club. The question as to whether the organization was effected for an illegal purpose was one which should have been submitted to and determined by the jury.

For these reasons the judgment and conviction should be reversed and a new trial ordered, and for that purpose the proceedings are remitted to the Court of Sessions of Cayuga county.

BARKER, P. J.; BRADLEY and DWIGHT, JJ., concurred.

Judgment and conviction reversed and a new trial ordered, and for that purpose proceedings are remitted to the Court of Sessions of Cayuga county.