THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PATRICK McCARTHY, Appellant.

NEW YORK CITY — INDICTMENT FOR MISDEMEANOR — DIVESTS COURT OF SPECIAL SESSIONS OF JURISDICTION. While, under section 1406 of the charter of the city of New York (L. 1897, ch. 378), Courts of Special Sessions have exclusive jurisdiction of all misdemeanors, except libel, yet, under the exceptions contained therein, a grand jury may prefer an indictment for keeping a disorderly house, although a complaint has not been previously made to a city magistrate or to a Court of Special Sessions.

*People* v. *McCarthy*, 59 App. Div. 231, affirmed.

(Argued November 18, 1901; decided November 26, 1901.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, made March 27, 1901, which affirmed a judgment of the Queens County Court entered upon a verdict convicting the defendant of the crime of keeping a disorderly house.

An indictment herein was found in the Supreme Court and transferred to the Queens County Court. The defendant was arraigned thereon and pleaded not guilty. A trial was had in the County Court and a verdict of guilty was rendered. When

the defendant was arraigned for sentence he moved for a new trial and in arrest of judgment upon the ground, among others, that the County Court had no authority or jurisdiction to inquire into the charge against him by indictment before a charge or complaint was made to a. city magistrate. The facts relied upon were presented by affidavit which was read on the motion. The motion was denied and the defendant excepted. Thereupon he was sentenced to imprisonment in the Kings County Penitentiary for the term of one year.

*Charles Haldane* and *Abraham Levy* for appellant. The County Court of Queens county had no jurisdiction to hear and determine the charge against appellant, or to render judgment against him thereon. (*Matter of Bray*, 34 N. Y. S. R. 641; *People* v. *Palmer*, 109 N. Y. 413; *People* v. *McGann*, 43 Hun, 55; *People* v. *Christy*, 65 Hun, 349; *People* v. *Starks*, 17 N. Y. S. R. 234; *People ex rel.* v. *Green*, 4 N. Y. Cr. Rep. 442.) The construction of this statute for which appellant contends would not make it unconstitutional. (*People ex rel.* v. *Dutcher*, 83 N. Y. 240.)

*John B. Merrill, District Attorney* (*George A. Gregg* of counsel), for respondent. The grand jury had jurisdiction to indict and the County Court to hear and determine the charge against the defendant. (Const. art. 6, § 1; Code Cr. Pro. § 252.)

MARTIN, J. The single question presented upon this appeal is whether the grand jury had jurisdiction to prefer the indictment herein, or whether its jurisdiction was dependent upon a complaint having been previously made to a magistrate or to a Court of Special Sessions. The defendant contends that although the court in which the indictment was found was a court of general jurisdiction, it had no authority to inquire into the offense alleged and present an indictment therefor because there was no charge or complaint pending before the Court of Special Sessions.

This claim is based upon the provisions of section 1406 of the charter of the city of New York, which defines the jurisdiction of Courts of Special Sessions. (Laws of 1897, ch. 378.) That section, so far as it relates to this question, provides: " The said courts of special sessions shall have jurisdiction as follows: 1. Except as otherwise provided in this title, the said courts of special sessions of The City of New York shall have in the first instance exclusive jurisdiction to hear and determine all charges of misdemeanors committed within The City of New York, except charges of libel. * * * The said courts shall, however, be divested of jurisdiction to proceed with the hearing and determination of any charge of misdemeanor in either of the following cases: *First:* If, before the commencement of the trial in said court of any person accused of a misdemeanor, a grand jury shall present an indictment against the same person for the same offense ; or *Second:* If, before the commencement of any such trial," one of the judicial officers mentioned therein shall certify that it is reasonable that such charge shall be prosecuted by indictment. The last subdivision then provides the procedure for obtaining such certificate, and that the proceedings shall be stayed and the charge presented to a grand jury.

The material portions of that section disclose that criminal prosecutions for misdemeanors are, in the first instance, within the exclusive jurisdiction of Courts of Special Sessions, except as otherwise provided in title three of chapter 378. Obviously, under that statute, the general rule is that Courts of Special Sessions in the first instance have exclusive jurisdiction of all misdemeanors, except libel, committed in the city of New York. But to that general rule as to jurisdiction there are certain statutory reservations or exceptions, one of which is that that court shall be divested of its jurisdiction to hear and determine charges of misdemeanors if, at any time, before trial a grand jury shall present an indictment for the same offense. The only express limitation to the right of a grand jury to present an indictment in any such case is that it must be presented before the commencement of the trial. Therefore,

unless some other prohibition is to be implied from the stat-
ute, it is evident that the grand jury had authority to find
and present the indictment in this case, and when found its
effect was to divest the Court of Special Sessions of any juris-
diction to try the defendant for the offense charged.

The defendant, however, contends that in construing the
provision of the statute divesting Courts of Sessions of juris-
diction when an indictment has been found we should also
consider the other exception where one of the judicial officers
mentioned certifies that it is reasonable that the charge should
be prosecuted by indictment. Upon that premise it is then
argued that as in the latter case the proceedings are stayed
they must also be stayed where an indictment has been found,
and as there is a stay of proceedings the conclusion follows
that both of these exceptions apply only to a proceeding
already pending in a Court of Special Sessions. One of the
infirmities of this reasoning is that no stay of proceedings is
required or is necessary where an indictment has been found
as provided in the first exception, and hence the defendant's
argument is based upon an assumption which is wholly unwar-
ranted. If it be admitted that the second exception was
intended to apply only to cases that were pending, and that
the certificate operated to stay proceedings therein, still it by
no means follows that it was the intent of the legislature to
deprive courts of record of jurisdiction by a grand jury to
present an indictment for a misdemeanor, although no prose-
cution therefor was pending in the Court of Special Sessions.
We think the construction contended for by the defendant is
not justified.

It is further insisted that the words "in the first instance"
indicate that the proceeding must have been instituted in a
Court of Special Sessions before an indictment could be pre-
ferred by a grand jury. We do not think that claim can be
upheld. The words "in the first instance" may well be
regarded as words of limitation and as disclosing an intent
that the exclusive jurisdiction conferred upon Courts of
Special Sessions exists only where no other authorized pro-

ceeding is pending. Obviously the principal purpose of that language was to so define the jurisdiction of that court as to exclude the power to review the action of any other tribunal or officer. Under the statute Courts of Special Sessions, doubtless, have exclusive and original jurisdiction to hear and determine all misdemeanors, except as otherwise provided. Hence, where there is no other prosecution pending or subsequently instituted which is permitted by that statute, the Court of Sessions not only has original and continued jurisdiction but it continues to be exclusive. · But that jurisdiction is, by the statute, made expressly subject to other provisions which make exceptions and provide conditions under which such jurisdiction is divested. If either of those conditions arises, the jurisdiction thus conferred is terminated and the offense must be tried upon indictment. In this case one of the exceptions or conditions provided ·by the statute arose upon the presentment by a grand jury of an indictment against the defendant, although the offense was one of which the Court of Special Sessions would have had jurisdiction in the first instance if no indictment had been found.

Again, it is urged that the provision that "The said courts shall, however, be divested of jurisdiction to proceed with the hearing and determination of any charge of misdemeanor" in the cases specified, indicates that the Court of Sessions cannot be divested of jurisdiction unless a proceeding is already pending therein. It is said, "The language (to proceed with the hearing and determination) has no application and is meaningless unless there is a charge already before the court with the hearing and determination of which the court is about to proceed." In this argument it is plainly assumed that the words "to proceed" are to be regarded as applicable only in the sense of continuing a proceeding already begun. We think those words were used in their broader sense, and should be construed as having a more extended signification than is attributed to them by the defendant. Where matters of procedure in courts or actions are involved, lexicographers give as the usual definition of "to proceed" to

conduct, to begin and carry on an action or proceeding. (Webster's Dictionary; Century Dictionary.) Thus, the force of this argument is hardly apparent in view of the fact that the court might in future proceed in a case not pending as well as in a case already commenced. That provision in the statute clearly relates to the future, and the language employed was evidently intended to be sufficiently broad to cover all cases, whether pending or not. Moreover, one of the cases to which that general provision applied was where proceedings were necessarily pending, and, hence, language sufficiently broad to cover both was used.

It is also contended by the appellant that our decision in *People* v. *Knatt* (156 N. Y. 302) is an authority supporting his contention in this case. We think otherwise. That case arose under section 56 of the Code of Criminal Procedure, which conferred upon Courts of Special Sessions exclusive jurisdiction, in the first instance, to hear and determine charges of certain misdemeanors subject to the power of removal provided for by that act. There, there was no such exception in the statute as there is in the statute applicable to the case at bar. It may be assumed that but for the exceptions contained in the statute applicable to this case, the grand jury would have had no jurisdiction to present an indictment. But as the statute expressly excepted from the operation of the provisions relied upon, cases where an indictment had been found, it is clear that the general provision as thus modified applies only to cases where no indictment has been found, or where the required certificate has not been made. We are of the opinion that the construction contended for by the defendant is too narrow, and if adopted would fail to carry into effect the plain intent and purpose of the legislature in passing the act under consideration.

The judgment of conviction should be affirmed.

PARKER, Ch. J., O'BRIEN, BARTLETT, VANN, LANDON and CULLEN, JJ., concur.

Judgment affirmed.