## COURT OF APPEALS,

### Jan. 3, 1911.

# THE PEOPLE EX REL. CHARLES PERRY, v. WILLIS K. GILLETTE, SHERIFF.

### (200 N. Y. 275.)

CRIMES—EXTORTION, ACCOMPLISHED, IS A FELONY—ATTEMPT TO EXTORT MONEY BY VERBAL THREATS IS A MISDEMEANOR.

> Although the consummated offense of extortion, whether accomplished by verbal or written threats, is a felony, an unsuccessful attempt to extort money by means of verbal threats is a misdemeanor.
>
> People ex rel. Perry v. Gillette, 140 App. Div. 27, 25 N. Y. Crim., reversed.

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 18, 1910, which reversed an order of the special county judge of Monroe county sustaining a writ of habeas corpus and directing the discharge of the relator from custody.

The facts, so far as material, are stated in the opinion.

*Louis E. Fuller* for appellant.   The unconsummated attempt to commit extortion by means of a verbal threat is a misdemeanor as defined by and punishable under section 857 of the Penal Law. (*President, etc., v. Kaldenberg,* 165 N. Y. 1; *Mayor v. M. Ry. Co.,* 143 N. Y. 1; *Matter of N. Y. & B .R. Co.,* 72 N. Y. 527; *Benton v. Wickwire,* 54 N. Y. 226; *Johnson v. H. R. R. Co.,* 49 N. Y. 455; *McKechnie v. Trustees,* 44 N. Y. Supp. 317; *McClusky v. Cromwell,* 11 N. Y. 593; *People v. Wood,* 71 N. Y. 371; *People v. Davenport,* 91 N. Y. 574; Endlich on Interp. of Statutes, §§ 238, 239; *Gorman v. Hammond,* 28 Ga. 85; *People v. Tindale,* 57 Cal. 104.)

*Howard H. Widener, District Attorney (Charles B. Bechtold of counsel)*, for respondent. An attempt to commit the crime of extortion, as set forth in the indictment, is a felony. (*People* v. *Lyon,* 99 N. Y. 210; *People* v. *Van Steenburg,* 1 Park. Cr. Rep. 39; *Mairs* v. *B. & O. R. R. Co.,* 73 App. Div. 265; *People* v. *Borges,* 6 Abb. Pr. 132; *People* v. *Gardner,* 144 N. Y. 119.)

HISCOCK, J. This appeal involves the question whether an unsuccessful attempt to extort money by means of verbal threats is a misdemeanor or a felony, and it arises upon the following facts undisputed here:

The appellant and another attempted to extort money from one Stillson by means of verbal threats to accuse him of a crime and to inform others thereof. While the intended victim paid money in apparent response to these threats, he did this really acting in concert with the police authorities for the purpose of entrapping the accused and his companion, and, therefore, the crime of extortion was not consummated, but the acts charged amounted to an attempt to commit such offense. (*People* v. *Gardner,* 144 N. Y. 119; 9 N. Y. Crim. 404.) The appellant was arrested and taken before the police justice of the city of Rochester and held awaiting examination. Pending this he was indicted by the grand jury and arrested by the respondent on a bench warrant. If his offense was a misdemeanor, he should have been tried in Police Court; if it was a felony, he was properly indicted and taken into custody by respondent, and this writ should be dismissed. The decision of the question involves the examination of several sections of the Penal Law.

Section 850, article 80, of the Penal Law defines extortion as " the obtaining of property from another, with his consent, induced by a wrongful use of force or fear," etc.

Section 851 provides that "Fear, such as will constitute extortion, may be induced by a threat  *  *  *:

" 2. To accuse him (the individual threatened) or any relative of his or any member of his family, of any crime."

Section 852 provides the punishment for extortion, and it is undisputed that the punishment therein prescribed is of such a character as makes the offense a felony. It is also beyond controversy that under the general provisions of the Penal Law, if unmodified by special provision, an attempt to commit the crime of extortion would also be a felony.

Section 856 of the same article relates to blackmail, and provides that "A person who, knowing the contents thereof, and with intent, by means thereof, to extort or gain any money or other property, or to do, abet, or procure any illegal or wrongful act, sends, delivers, or in any manner causes to be forwarded or received, or makes and parts with for the purpose that there may be sent or delivered, any letter or writing, threatening: 1. To accuse any person of a crime  *  *  *  is punishable by imprisonment for not more than fifteen years."

Section 551, found in another article of said Penal Law, relates to sending threatening letters, and in substance makes the sending of such a letter by a person knowing its contents, threatening to do any unlawful injury to the person or property of another, etc., a misdemeanor.

Section 857, found in the same article as the preceding sections except section 551, and entitled, "Attempts to extort money or property by verbal threats," provides: "A person who, under circumstances not amounting to robbery, or an attempt at robbery, with intent to extort or gain any money or other property, verbally makes such a threat as would be criminal under any of the foregoing sections of this article or of section five hundred and fifty-one, if made or communicated in writing, is guilty of a misdemeanor."

It is contended by appellant that under the section last

quoted the general rule relating to attempts to commit crimes is modified, and that an attempt to commit extortion by mere verbal threats such as occurred in this case is made a misdemeanor. On the other hand, the respondent insists that said section simply relates to such threats to obtain property as if in writing would come under section 856 and constitute blackmail. I am unable to adopt the latter construction.

Said section 857 by its language specifically relates to an attempt to extort or gain money by such verbal threats as would be criminal if in writing under *any* of the preceding sections of the article of which it is a part. If the appellant and his companion had made in writing the threats which are said to have been made verbally with the intent of obtaining money, they would have been criminal under section 850 of said article as extended by the general provisions defining attempts to commit a crime, for, concededly, extortion may be accomplished or attempted by written threats. Instead of making their threats in writing, they made them verbally, and, therefore, their attempt came within the express provisions of section 857 and was a misdemeanor.

The argument that section 857 is intended to apply only to such verbal threats as if in writing would constitute blackmail under section 856 is largely founded on the arrangement of provisions as it existed in the former Penal Code. There section 558 related to blackmail and section 559 to the sending of threatening letters, and then followed section 560, which provided that " A person who, under circumstances not amounting to robbery, or an attempt at robbery, with intent to extort or gain any money or other property, verbally makes such a threat as would be criminal under *either* of the foregoing sections of this chapter, if made or communicated in writing, is guilty of a misdemeanor." On the assumption that the word " either " limited the application of section 560 to the two preceding sections relating to blackmail and to threatening

letters, it is argued that section 857 of the Penal Law ought to be likewise restricted in its application and not extended to the crime of attempting to commit extortion. As already indicated, I do not see how section 857 could be so construed, even if we should assume that the legislature did have the intent to restrict its application to the cases which were covered by section 560 of the Penal Code. The language which is used is so explicit and plain that its obvious meaning cannot be avoided by any process of justifiable construction. When a section in a given article of a statute says, as in this case, that it applies to *all* of the preceding sections of that article, I do not see how the court can decide that it only applies to a *part* of them. Moreover, I am not prepared to assume that the legislature had any such purpose, but believe, rather, that it intended to equalize, so to speak, the crimes of attempted extortion and attempted blackmail by verbal threats. If we should adopt the construction contended for by the respondent, we should have this anomalous result: If a person by verbal threats attempted to extort property from another, and section 857, as contended, is not applicable to extortion, such attempt under the sections relating to extortion would constitute a felony. On the other hand, precisely the same attempt under section 856 relating to blackmail, as concededly affected by section 857, would only amount to a misdemeanor. That is, at the option of a district attorney or grand jury the same offense might be treated either as a felony or a misdemeanor. The legislature evidently saw the incongruity possible under the Penal Code of thus making the same act when prosecuted as an attempt at extortion a felony, and when prosecuted as an attempt to commit blackmail by verbal threats, so to speak, a misdemeanor, and, therefore, in enacting section 857 of the Penal Law broadened its terms so as to make the act of equal seriousness whether prosecuted under one section or another.

It is to be noted in answer to some things which have been

said in favor of the respondent's view that the construction which we have adopted only applies to a mere attempt to commit extortion by verbal threats. The consummated offense of extortion remains a felony as before, whether accomplished by verbal or written threats.

There is nothing in *People* v. *Gardner* (144 N. Y. 119; 9 N. Y. Crim. 404,) which controls us on this question which was not raised or discussed in that case.

These views lead us to the conclusion that the order of the Appellate Division should be reversed and that of the special county judge should be affirmed, and the relator discharged from custody.

CULLEN, Ch. J., GRAY, VAN, WILLARD BARTLETT and COLLIN, JJ., concur; HAIGHT, J., not voting.

Order reversed, etc.