## COUNTY COURT—KINGS COUNTY,

### March, 1911.

## THE PEOPLE v. LESSER WENK et al.

### (71 Misc. 368.)

(1.) JURISDICTION—CONCURRENT AND CONFLICTING JURISDICTION—EXCLU-
SIVENESS OF JURISDICTION FIRST ACQUIRED. EXTORTION—ELEMENTS
OF OFFENSE: NECESSITY OF INDICTMENT—INDICTMENT FOR OF-
FENSE SUMMARILY PUNISHABLE—REQUISITES AND SUFFIENCY OF
THE ACCUSATION—SURPLUSAGE—ALLEGATIONS RELEVANT TO OTHER
CRIMES.

An attempt to extort money by means of verbal threats is a misde-
meanor under section 857 of the Penal Law.

The word "feloniously," in an indictment for attempting to extort
money by means of verbal threats, may be disregarded under section
285 of the Code of Criminal Procedure.

The word "exclusive" in the statute (L. 1910, ch. 659, § 31), es-
tablishing the inferior criminal courts in the city of New York, was
not intended to limit the jurisdiction of courts of general jurisdic-
tion, but was intended merely to define the jurisdiction of the courts
established by said statute as between themselves, and the institution
of a proceeding in a court of special sessions to punish for a mis-
demeanor is not a prerequisite to the right of a grand jury to indict
for the same offense.

Where two courts may take jurisdiction of the same persons and
subject matter, the court first acquiring jurisdiction retains it to the
exclusion of the other, where there is no statutory provision to the con-
trary.

MOTION to dismiss an indictment.

*Hirsh & Rasquin* (*Hugo Hirsh,* of counsel), for motion.

*John F. Clarke,* district attorney (*Peter P. Smith,* assistant
district attorney, of counsel), opposed.

FAWCETT, J.:

This is a motion to dismiss an indictment upon the ground

that the grand jury had no power or jurisdiction to find the same.

Defendants have been jointly indicted for an unsuccessful attempt to extort money by means of verbal threats. The acts charged were committed in the borough of Brooklyn, of the city of New York, which borough is coterminous with the county of Kings.

The acts charged are a misdemeanor within the provisions of section 857 of the Penal Code. People v. Gillette, 200 N. Y. 275. The word "feloniously," as used in the indictment, may be disregarded under section 285 of the Code of Criminal Procedure.

The defendants contend that the commencement of a prosecution for a misdemeanor in the special sessions is a prerequisite to the right of the grand jury to indict for the same offense. This depends on the construction of section 31, chapter 659 of the Laws of 1910, known as the Inferior Criminal Courts Act of the city of New York, which, so far as material here, provides as follows:

" The Court of Special Sessions shall have jurisdiction as follows:

" 1. The court shall have in the first instance exclusive jurisdiction to hear and determine all charges of misdemeanor committed within the city of New York, except charges of libel. The court shall, however, be divested of jurisdiction to proceed with the hearing and determination of any charge of misdemeanor in either of the following cases: * * *

"(b) If, before the commencement of the trial of any person accused of a misdemeanor, a grand jury shall present an indictment against the same person for the same offense."

Section 252 of the Code of Criminal Procedure says: " The grand jury has power, and it is their duty, to inquire into all crimes committed or triable in the county, and to present them to the court."

Section 2 of the Penal Law says : " Division of Crime :   A crime is

" 1. A felony; or

" 2. A misdemeanor."

Does the expression " exclusive jurisdiction," in section 31 of the Inferior Criminal Courts Act of the city of New York, limit the jurisdiction of the grand jury as given in section 252 of the Code of Criminal Procedure? I think not.

The word " exclusive " in the statute establishing the inferior courts was not intended to limit the jurisdiction of courts of general jurisdiction, but was intended to define the jurisdiction of the inferior criminal courts established thereby, as between themselves.   People v. McCarthy, 168 N. Y. 549.

It may be asked, if this be the true interpretation, why exception (b) in section 31 of the Inferior Criminal Courts Act. is necessary.   The natural answer would be that it is an elementary principle of criminal jurisprudence that no person shall be subject to be twice put in jeopardy for the same offense. N. Y. Const., art. I., § 6.   Where two courts may take jurisdiction of the same persons and subject-matter, the court first acquiring jurisdiction retains it to the exclusion of the other. This is true in both civil and criminal practice.   Therefore, if there were no statutory authority to oust the special sessions of jurisdiction, when it had once taken jurisdiction, the courts of general jurisdiction would be powerless.

The question raised here was squarely decided adversely to the claim of the defendants in the case of People v. McCarthy, *supra.*   But it is claimed that the case of People v. Gillette, 200 N. Y. 275, 25 N. Y. Crim. 45, establishes a principle contrary to that in the McCarthy case.   The Gillette case arose under the provisions of the charter of the city of Rochester. The Police Court of that city has jurisdiction equivalent to that of our Special Sessions, but there is no statutory authority for ousting it of jurisdiction simply by indictment by the grand jury.

This can only be done by first obtaining one of certain specified certificates. It appears, therefore, that a court of competent jurisdiction had assumed jurisdiction of the offense and that no proper proceeding to oust it of jurisdiction had been taken. Of course the second criminal proceeding could not be maintained. I see nothing in the language of the Court of Appeals in the Gillette case to indicate that they intended to overrule the principle of the McCarthy case.

If the defendants' construction of the Inferior Criminal Courts Act of the city of New York is good, no reason can be assigned why the Legislature should have inserted in subdivision 1 of section 39 of the Code of Criminal Procedure the limitation therein found requiring a certificate under section 57 of the Code of Criminal Procedure before indictment, as to crimes over which the inferior courts specified in section 56 of the Code have in the first instance exclusive jurisdiction to hear and determine. If the simple giving to those inferior courts exclusive jurisdiction in the first instance to hear and determine would have prevented the County Court from inquiring by means of indictment before prosecution had been commenced in the inferior court, no added limitation was required. While subdivision 1 of section 39 of the Code of Criminal Procedure does not apply to the inferior courts of the city of New York, it does clearly indicate that the legislative understanding of the phrase, " in the first instance, exclusive jurisdiction," as applied to inferior courts, is adverse to the claim of the defendants in the case at bar.

Motion denied.