## PEOPLE v. MISIANI.

(Supreme Court, Appellate Division, Second Department. January 26, 1912.)

1. THREATS (§ 1*)—THREATS TO KILL.

The letters containing the alleged threats to extort money commanded the recipient to secrecy and to deliver the money to a boy, to be deposited at a certain place, and continued: "Think well; fail not; if you fail the Saturday night that you pay not will not pass." Held, that the letter contained a threat to kill if the money demanded was not delivered on Saturday night, so as to support an indictment for attempt to extort.

[Ed. Note.—For other cases, see Threats, Cent. Dig. §§ 1–6; Dec. Dig. § 1.*]

2. THREATS (§ 5*)—INDICTMENT—ALLEGATION OF LETTER.

An indictment for attempt to extort money by threatening to kill the recipient need not allege the letter in extenso.

[Ed. Note.—For other cases, see Threats, Dec. Dig. § 5.*]

3. INDICTMENT AND INFORMATION (§ 110*)—SUFFICIENCY—LANGUAGE OF STATUTE.

Penal Law (Consol. Laws 1909, c. 40), § 850, defines extortion as the obtaining of property from another with his consent, induced by a wrongful use of force or fear; section 851 provides that such fear as will constitute extortion may be induced by a threat to do an unlawful injury to the person threatened; section 852 punishes one who extorts money from another as provided in the last two sections by imprisonment not exceeding 15 years; section 857 provides that one who, with intent to extort money, verbally makes a threat which would be criminal under the preceding sections if made in writing, is guilty of a misdemeanor; and section 261 provides that, if the crime attempted is punishable by death or life imprisonment, one convicted of attempting to commit is punishable by imprisonment for not more than 25 years, and in any other case for not more than half of the longest term, or by fine not more than one-half of the largest sum prescribed for a conviction, or by both. Held, that an indictment for attempt to commit extortion need not allege that the attempt was by use of writings in order to authorize a conviction for attempt to commit extortion in writing, and impose the penalty for such offense; it being sufficient to allege

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the attempt to commit extortion in the same manner as the statute defines extortion, without stating that it was in writing.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 289–294; Dec. Dig. § 110.*]

Appeal from Kings County Court.

Antonio Misiani was convicted of an attempt to extort, and, from the judgment of conviction and orders denying motions for a new trial and in arrest of judgment, he appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, BURR, and CARR, JJ.

Thomas C. Whitlock, for appellant.

Peter P. Smith, Asst. Dist. Atty. (John F. Clarke, Dist. Atty., on the brief), for the People.

THOMAS, J. The defendant, charged with attempt to extort money from another, was convicted, and upon this appeal affirms, (1) that the indictment is defective, in that it does not state that the attempt was by use of writings, as the case shows; (2) that the writings do not show threats to do injury to the person; (3) that the evidence does not sustain the conviction.

[1] The record contains evidence of two letters received by Caruso, both demanding money, the first commanding secrecy, delivery to a boy of a sum of money, and the second the deposit of the sum under the stairs of a factory at a designated corner, with this sentence of caution: "Think well; fail not; if you fail the Saturday night that you pay not will not pass." The defendant, with two others, was seen in such relation of time and place to the stoop where the deposit was ordered, and his action in stooping and with his hand as if searching for the same was such, that the jury's finding of complicity was justified, although his own story is that he passed the place only on his way to his home. The threat is obvious in its purpose to injure. There was an unlawful demand of money to be delivered at a definite time and place, with a statement that, if Caruso failed, the night would not pass. There is no doubt of the menace in the words, which, though intended to be lurking, is plain. The night would pass, but it would not pass for the intended victim. The threat to kill is not lost in the grandiloquence of the sentence.

[2, 3] The more practical and useful discussion relates to the sufficiency of the indictment. I consider that it was unnecessary to allege the letters in extenso, but Did the indictment legally charge the crime of attempted extortion in view of the fact that it was attempted by writings? Extortion as defined by section 850 of the penal law may be committed by either written or oral threat. Section 851, Penal Law. So attempted extortion may be by written or oral threat, but, if the threat be written, the offense is a felony. If oral, it was at the time a misdemeanor. Section 857, Penal Law. So the law remained until section 851 was amended by chapter 121, Laws of 1911. The offense is in either case extortion, but extortion by oral threat was made exceptional by section 857, in that it was graded as a mis-

demeanor. If the indictment would charge extortion, it is sufficient to set it out as the statute defines it, and so now as to an attempt to commit it. People v. Weldon, 111 N. Y. 569, 574, 19 N. E. 279. While section 857 remained applicable to 851, attempt by oral threats was made a crime of a lesser degree. But this did not require that the indictment should specially plead that an attempt was in writing to bring it under sections 850–852 and 261, as it fell within the purview of the sections, and its connection therewith was not disturbed by the disconnection of verbal attempts from section 852. In People ex rel. Perry v. Gillette, 200 N. Y. 275, 93 N. E. 953, the indictment showed the oral threats, and it was decided that the defendant was triable by the Police Court, and that he was not legally held to answer to the indictment. But the present discussion does not concern an oral threat, which, for purposes of grading it, is made an exception to the principal offense. A case already within the body of a statute and pleadable as such would not be disturbed by the withdrawal from the statute of a class of cases to which it does not belong. The indictment charges the crime, and the acts that constitute it. It was not necessary to describe that the offense was a felony and not a misdemeanor by negativing the latter and affirming the former.

The judgment of conviction should be affirmed. All concur.