THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* JACK MONAHAN, Respondent.

Third Department, June 30, 1931.

*Arthur G. Adams, District Attorney*, for the appellant.

*Bert T. Baker*, for the respondent.

PER CURIAM. This is an appeal by the district attorney of Tompkins county from an order of Tompkins County Court sustaining defendant's demurrer and dismissing an indictment against the defendant, returned by the grand jury of said county at a term of Supreme Court therein, said indictment having been sent to said County Court. The defendant, by the indictment, was charged with the crime of maintaining a public nuisance in violation of section 1530 of the Penal Law.

The defendant demurred upon the ground that the grand jury of Tompkins county had no jurisdiction to indict. The demurrer was sustained upon the ground that section 182 of the Village Law confers upon the police justice of the village, where the alleged

offense was committed, in the first instance, exclusive jurisdiction to hear, try and determine charges of any misdemeanor committed within such village subject to the right of removal as provided by the Code of Criminal Procedure. In his opinion the learned county judge stated that the question raised by the demurrer and motion to dismiss was passed upon in the case of *People* v. *Kraft* (229 App. Div. 281) and that he felt constrained to be guided by the opinion in that case.

The question here presented was discussed by this court in the case cited. There it was held that the order then in question was not appealable and, therefore, the subject here involved was not before the court. Nevertheless, it was stated: " If we dismiss the appeal without comment, it leaves the district attorney and defendant in doubt as to the court in which the defendant may be tried. Particularly is this true in view of conflicting decisions as to the jurisdiction given by the Legislature to Police Courts in villages by section 182 of the Village Law as amended." For this reason the views of the court were expressed for the purpose of clearing up the existing uncertainty as to whether Police Courts have in the first instance exclusive jurisdiction of the trial of misdemeanors, and for the purpose of laying down a definite rule of procedure.

Upon the argument of the appeal herein, it was stated that the uncertainty sought to be removed still exists by reason of the fact that the statements in the opinion in the *Kraft* case were concededly obiter, and authoritative determination is now sought.

The matter having been thoroughly discussed in that case, and the court having deliberately expressed its views as to the construction of the statutes and the rule to be followed, such are now reiterated and adopted.

It may not be amiss to emphasize the fact that the various statutes adopted and amended through the years contain apparent inconsistencies difficult to reconcile. The correction involves the exercise of legislative, rather than judicial, function.

The order appealed from should be affirmed.

All concur.

Order affirmed.