THE PEOPLE OF THE STATE OF NEW YORK ex rel. CLIFFORD E. MORRISON, Appellant, v. WILLIAM H. POLLACK, as Sheriff of the County of Erie, and LEO J. HAGERTY, as District Attorney for the County of Erie, Respondents.

Fourth Department, May 6, 1942.

*Sigmund Schwartz*, for the appellant.

*Leo J. Hagerty, District Attorney [Maurice Frey* of counsel], for the respondents.

HARRIS, J. The grand jury of the County Court of Erie County, sitting at the December, 1941, term, did on the 19th day of December, 1941, return an indictment charging the relator-appellant herein with having committed the crime of petit larceny on November 27, 1941, at the city of Lackawanna, by stealing the sum of twenty-one dollars and thirty cents in money from the possession of one Rocgoi. Below the relator-appellant applied for a writ of habeas corpus so as to bring about his discharge from the custody in which he has been held under the indictment. The application was made on the ground that the grand jury had no jurisdiction to return the indictment, in that the exclusive jurisdiction to try the charge named in the indictment was in the City Court of Lackawanna. The proceeding was dismissed and the relator appeals to this court to review such dismissal.

Habeas corpus is a proper method in which to seek the relief sought by the relator-appellant. (*People ex rel. Perry* v. *Gillette*, 200 N. Y. 275. See *People ex rel. Kohut* v. *Hendrickson*, 249 App. Div. 528; affd., 276 N. Y. 563.) The relator could have also proceeded by demurrer. (*People* v. *Knatt*, 156 N. Y. 302.)

Previous to the presentation before the grand jury the relator was charged in the City Court of Lackawanna by information with having committed the crime of grand larceny in the first degree, in that he had stolen the sum of forty-seven dollars and ninety cents from the person of the said Rocgoi. On that information a warrant was issued and subsequently a hearing on that charge was held in the City Court of Lackawanna. After the hearing the judge of the City Court of Lackawanna held the relator for the action of the grand jury on such charge of being guilty of grand larceny in the first degree. Although we have no record before us of the proceedings in the City Court of Lackawanna, it is to be

gathered from the brief of the relator that at the hearing before the City Court there was raised a question as to whether all, or only part, of the sum of forty-seven dollars and ninety cents was stolen from the person of Rocgoi; the grand jury determined that only the amount of twenty-one dollars and thirty cents was stolen and not from the person, and accordingly decided that the charge was one of petit larceny and not of grand larceny. This appeal now brings before us the question as to whether the indictment should stand and whether the County Court of Erie County has jurisdiction to try the indictment as brought, or whether the matter should be returned to the City Court of Lackawanna.

The decision of the question before us depends on the construction of the language of section 56 of the Code of Criminal Procedure, which so far as it is pertinent herein is quoted as follows:

" Subject to the power of removal provided for in this chapter, Courts of Special Sessions, except in the city and county of New York and the city of Albany, have in the first instance exclusive jurisdiction to hear and determine charges of misdemeanors committed within their respective counties, as follows:

" 1. Petit larceny."

In addition to subdivision 1, above quoted, there are some thirty-eight other subdivisions specifying misdemeanors.

This question of the jurisdiction of a grand jury to return indictments for misdemeanors mentioned in section 56, and the jurisdiction of a court of record to try such a charge, has been the subject of discussion from time to time in our courts. (*People* v. *McCarthy*, 168 N. Y. 549; *People ex rel. Perry* v. *Gillette*, 200 id. 275; *People* v. *Wenk*, 71 Misc. 368 [County Court, Kings County]; *People* v. *Roberts*, 91 id. 229 [County Court, Columbia County]; *People* v. *Belle*, 131 id. 610 [County Court, Tioga County]; *People* v. *Cooper*, 158 id. 419 [County Court, Dutchess County]; *People ex rel. Kawiecki* v. *Carhart*, 170 id. 894 [Supreme Court, Rensselaer County].) Reference is made to these cases hereinafter.

The reference in section 56 of the Code of Criminal Procedure, " Subject to the power of removal provided for in this chapter," is to the provisions of sections 57 and 58 of the Code of Criminal Procedure. These two latter mentioned sections provide a method by which a defendant may seek the hearing by a grand jury of an accusation against him on a charge of one of the misdemeanors specified in section 56 and, if successful, thus avoid trial in the Court of Special Sessions. Section 59 of the Code of Criminal Procedure provides: " A Court of Special Sessions having jurisdiction in the place where any of the crimes specified in section fifty-six is committed has jurisdiction to try and determine a complaint for such

crime, and to impose the punishment, prescribed upon conviction; unless the defendant obtains the certificate and gives the bail mentioned in section fifty-seven."

The City Court of Lackawanna, under the charter of that city, is a Court of Special Sessions and has all of the jurisdiction of such a court.

*People ex rel. Kawiecki* v. *Carhart* (*supra*) and *People* v. *Cooper* (*supra*) are both cases in which charges of felony (assault in the second degree) were presented to the grand jury. In each case the grand jury considered such a charge and returned an indictment for assault in the third degree. Assault in the third degree is a misdemeanor and one of those misdemeanors included in section 56 of the Code of Criminal Procedure. In both such cases the indictments were upheld. Particularly worthy of great attention is the opinion of County Judge FLANNERY, in *People* v. *Cooper*, in which he discusses many cases, including *People* v. *Roberts*, *People* v. *McCarthy* and *People* v. *Knatt*. This county judge, as has been indicated, holds contrary to the contention of the relator herein, and does so in an able memorandum. In *People* v. *Roberts* and *People* v. *Belle* the holding of each one of the courts writing in such cases favors support of the contention of the relator herein. The argument contained in the *Roberts* case and the *Cooper* case is that so long as a person charged with a felony has been held for the grand jury, the grand jury had jurisdiction to return an indictment for a misdemeanor based on some of the facts included in the charge of the felony, although there were not sufficient facts before the grand jury to warrant an indictment for the felony. The argument sustained in these cases is to the effect that so long as " in the first instance " the facts constituting a misdemeanor charge were considered by the grand jury in connection with a felony charge and were not considered by a Court of Special Sessions, then the court of record could take jurisdiction of the charge of misdemeanor and hear and determine the same, despite the provisions of section 56 of the Code of Criminal Procedure. Through these two cases and in other cases there runs the thought that in giving exclusive jurisdiction to the Court of Special Sessions, as stated in section 56 of the Code of Criminal Procedure, the Legislature meant exclusive as against other inferior courts and not as against courts of record. The writers in the *Cooper* cases and in the *People ex rel. Kawiecki* v. *Carhart* case, also find support in *People* v. *McCarthy* and *People* v. *Wenk*. *People* v. *Wenk* relies on *People* v. *McCarthy* (*supra*) as an authority for the proposition that the word " exclusive " does not limit the jurisdiction of courts of record. However, an examination of *People* v. *McCarthy* shows that that is not its

conclusion. *People* v. *McCarthy* discusses the right of a grand jury in the county of New York to return an indictment for misdemeanor covered by section 56 of the Code of Criminal Procedure, and sustains such an indictment and the right of the grand jury to find the same and the power of the County Court of Queens County to try the same. But that decision of *People* v. *McCarthy* is on sound ground, because the statute then giving jurisdiction to the Courts of Special Sessions in New York County, ▌ which although similar in language to section 56, provides that the Court of Special Sessions " shall, however, be divested of jurisdiction to proceed with the hearing and determination of any charge of misdemeanor * * * if, before the commencement of the trial in said court of any person accused of a misdemeanor, a grand jury shall present an indictment against the same person for the same offense; * * *." This last recited proviso, creating a method of divesting of jurisdiction, is not contained in section 56 of the Code of Criminal Procedure. Prior to an amendment to section 56 of the Code of Criminal Procedure, the courts of record in the city and county of New York and in the city of Albany were excepted from the provisions of section 56 in so far as the statute permitted in each of those jurisdictions a finding of an indictment for a misdemeanor specified in section 56, provided such indictment was found prior to the commencement of a proceeding in the Court of Special Sessions in those counties. That exception still continues for misdemeanors in the city of New York. The court says in *People* v. *McCarthy* (*supra*, p. 554): " * * * there was no such exception in the statute as there is in the statute applicable to the case at bar. It may be assumed that but for the exceptions contained in the statute applicable to this case, the grand jury would have had no jurisdiction to present an indictment." In *People* v. *Roberts* the County Court of Columbia County dismissed an indictment for assault in the third degree, because in the first instance the charge on which the indictment was found was lodged with the grand jury which found the indictment and there was no certificate as specified in section 57 of the Code of Criminal Procedure on file. In *People* v. *Belle* the County Court of Tioga County reached a similar conclusion as to the jurisdiction of the grand jury to indict and the County Court to try charges of misdemeanor specified in section 56 of the Code of Criminal Procedure.

In *People ex rel. Bedell* v. *Foster* (132 App. Div. 116 [2d Dept.]) an indictment was attacked by habeas corpus and certiorari under the following circumstances: The grand jury indicted the defendant therein on two counts, both based on the same facts. One

count was for grand larceny, second degree, a felony, and the other count was for willfully and unlawfully taking away the same property with which the defendant was charged as having stolen. The application for habeas corpus was dismissed and the indictment upheld on the ground that so long as the facts on which both counts were based were the same and the court had jurisdiction of the major crime, it also had jurisdiction of the minor charge. These are not the facts before us, because here the grand jury of Erie county definitely held that there was no support to the charge of grand larceny in the first degree, as originally laid.

The particular language of section 56 of the Code of Criminal Procedure on which stress should be laid is included in the words " * * * Courts of Special Sessions, * * * *have in the first instance exclusive jurisdiction to hear and determine charges* of misdemeanors committed within their respective counties. * * *." Do these words as italicized above ·mean anything except that a defendant accused of one of the specified misdemeanors shall be tried and have his guilt or innocence determined in a Court of Special Sessions, and not in a court of record? The answer to this question may be considered in the light of the context and by reason of the following discussion.

In *People* v. *Cooper* and *People ex rel. Kawiecki* v. *Carhart*, each of the courts in discussing such case, as has been before mentioned, rely on the contention that the words " in the first instance " as specified in section 56, mean that if a charge is made in the Court of Special Sessions and a prisoner is held for the grand jury, even though the facts before the grand jury do not constitute a felony and are facts that constitute a misdemeanor mentioned in section 56, then the blush is taken from the peach and the bloom from the rose, and section 56 has no effect as to such charges. Agreement here cannot be had with this thought, because as Judge O'BRIEN said in *People* v. *Knatt* (*supra*, p. 306), " The indictment must show upon its face the facts necessary to confer jurisdiction upon the court in which it is found. * * * The offense with which the defendant is charged was a misdemeanor triable exclusively in the Court of Special Sessions under the provisions of section 56, and since no certificate was procured under section 57, the indictment and trial were without jurisdiction. * * *" And as Judge MARTIN said, in his opinion in the same case, " the Supreme Court had no authority to inquire into this case by indictment, as it involves one of the minor crimes, the exclusive jurisdiction of which is conferred upon a Court of Special Sessions by section 56 of the Code of Criminal Procedure, except where the certificate provided by section 57 is obtained."

Statutes which give to police justices or police courts jurisdiction, in substance similar to that given in section 56 of the Code of Criminal Procedure, have been construed adversely to the contention of the respondent herein. (*People* v. *Monahan,* 233 App. Div. 16; affd., 257 N. Y. 388; *People* v. *Kraft,* 229 App. Div. 281.)

Attention has been drawn to the discussion of this general subject as reported in *People ex rel. Folk* v. *McNulty* (256 App. Div. 82; affd., 279 N. Y. 563). In the Appellate Division the justice writing in that case took a view in accord with that of the respondent herein, but only one other member of the court agreed with him in that regard. On affirmance the Court of Appeals held that section 67 of the Executive Law was not to be construed as limited by section 56 of the Code of Criminal Procedure, but that section 67, so far as the jurisdiction of an Extraordinary Term of the Supreme Court was concerned, superseded section 56 of the Code of Criminal Procedure. Even there the Court of Appeals said, in reference to the question herein discussed:

" Albany is a city of the second class.

" By the Second Class Cities Law (Cons. Laws, ch. 53), section 183, the Police Court is given exclusive jurisdiction to try and determine all charges of misdemeanors committed within the city. We find similar provision in section 56 of the Code of Criminal Procedure pertaining to Courts of Special Sessions outside of the city and county of New York and the city of Albany. These courts have, in the first instance, exclusive jurisdiction to hear and determine charges of misdemeanors within their respective counties.

" Upon a certificate of a county judge or a justice of the Supreme Court, stating that it is reasonable that such misdemeanor be prosecuted by indictment, the charge may be removed to a grand jury. All these provisions relate to the jurisdiction of courts to try and dispose of misdemeanors."

The district attorney herein makes argument that by holding the defendant-relator for the grand jury, the judge of the City Court of Lackawanna waived his jurisdiction of the case no matter what the charge was, and in support of his argument he cites *People* v. *Andrews* (50 Hun, 591; 115 N. Y. 427). But, even though the judge of the City Court did so waive, it cannot be deduced from such a waiver that the defendant himself waived any rights to be tried in the Court of Special Sessions. That he had such a right, if complained against on a charge of petit larceny, is sustained on the theory of *People* v. *Knatt.* Therefore, it follows that the order below should be reversed, the indictment dismissed on the ground of lack of jurisdiction of the court in which it was found to try and determine the same, and the prisoner released from the

custody in which he is now held. (*People* v. *Knatt; People ex rel. Perry* v. *Gillette.*) The determination of this appeal and the action of the grand jury in returning the indictment are no bar, in the nature of double jeopardy, to prosecuting the charge of petit larceny in a Court of Special Sessions. (*People* v. *Pascowitch*, 158 App. Div. 812.)

All concur. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, DOWLING and HARRIS, JJ.

Order reversed on the law and writ of habeas corpus sustained and relator discharged from custody.