THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v*. JOSEPH H. HALL, Defendant.

Supreme Court, Criminal Term, Erie County, April 15, 1946.

*Joseph Lococo* for defendant.

*Leo J. Hagerty, District Attorney* (*Alfred R. Pacini* of counsel), for plaintiff.

HINKLEY, J. The above-named defendant was on March 18, 1946, indicted by a grand jury of Erie County for the crime of petit larceny. Upon the opening of the trial, defendant's counsel moved for a dismissal of the indictment upon the ground that the grand jury had no jurisdiction to render an indictment for petit larceny. The basis for that contention is

that that offense is exclusively vested in the City Court of Buffalo. Such a motion was timely and properly made (*People* v. *Knatt*, 156 N. Y. 302).

Prior to the year 1935, the grand jury had no jurisdiction to render an indictment for a misdemeanor save in the city of New York (*People* v. *Dillon*, 197 N. Y. 254, 258; *People* v. *McCarthy*, 168 N. Y. 549). The authority which vested such jurisdiction in a grand jury of New York City was by virtue of its charter provision, which was as follows: "The said courts of special sessions shall have jurisdiction as follows: 1. Except as otherwise provided in this title, the said courts of special sessions of The City of New York shall have in the first instance exclusive jurisdiction to hear and determine all charges of misdemeanors committed within The City of New York, except charges of libel. * * * The said courts shall, however, be divested of jurisdiction to proceed with the hearing and determination of any charge of misdemeanor in either of the following cases:

"First. If, before the commencement of the trial in said court of any person accused of a misdemeanor, a grand jury shall present an indictment against the same person for the same offense * * *."

This section was repealed and substantially re-enacted as section 1409 of chapter 466 of the Laws of 1901 (Greater New York Charter) and is now section 31 of the New York City Criminal Courts Act (L. 1910, ch. 659).

Chapter 370 of the Laws of 1909 (Buffalo City Court Act, § 70) enacted a similar provision applicable to that court. By chapter 604 of the Laws of 1935, the identical language contained in the above provision of the City Charter of the City of New York was incorporated in the Code of Criminal Procedure (§ 59-a) with the limitation that it applied only to Westchester County. By chapter 293 of the Laws of 1939, Putnam and Orange Counties were included with Westchester County in that section of the Code of Criminal Procedure. By chapter 557 of the Laws of 1944, section 59-a of the Code of Criminal Procedure was repealed and a new section similarly numbered was re-enacted in the same language except that the section embraced the entire State of New York. This section is as follows: "*When courts of special sessions and police courts in the state of New York may be divested of jurisdiction. A court of special sessions or police court of any city, town or village shall be divested of jurisdiction to proceed with the hearing and determination of any charge of misdemeanor if, before the commencement of the trial of any person accused of a misde-*

meanor, a grand jury shall present an indictment against the same person for the same offense.''

The case of *People ex rel. Morrison* v. *Pollack* (264 App. Div. 92) cited in support of this motion is not controlling. That decision was rendered in 1942 prior to the enactment of the last-quoted statute. That case originated in the city of Lackawanna. The charter of the latter city (L. 1909, ch. 574) was enacted at the same time as the Charter of the City of Buffalo, but did not contain the provision incorporated in the New York City Charter, the Buffalo City Court Act and section 59-a of the Code of Criminal Procedure above quoted.

Motion denied.