THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* MICHAEL NICHOLAS, Defendant.*

County Court, Rensselaer County, March 12, 1947.

* See, also, *People* v. *Hall,* 187 Misc. 1.— [REP.

*Earle J. Wiley, District Attorney,* **for plaintiff.**

*John P. McNamee* for defendant.

HAMM, J. The defendant has been indicted for endangering the life or health of a child, a misdemeanor in violation of section 483 of the Penal Law. He moves now to dismiss the indictment.

The defendant was charged in the Police Court of the City of Troy with the crime of rape by an information alleging that that felony was committed on October 12, 1946. The misdemeanor for which he is indicted occurred allegedly on the night of September 21 and the morning of September 22, 1946. It is obvious that the felony which he was charged in Police Court with having committed in October and the misdemeanor for which he is indicted, if committed, were committed in different months and are entirely unconnected in law.

By section 183 of the Second Class Cities Law, Courts of Special Sessions are given exclusive jurisdiction of this instant misdemeanor. In sections 57 and 58 of the Code of Criminal Procedure a method is provided for removal of misdemeanors pending in police court to the consideration of the grand jury, but in the present case there was nothing pending in police court which could be removed.

So the question to be decided is whether the Grand Jury of Rensselaer County may indict for this misdemeanor despite that no proceeding whatever was pending in a Court of Special Sessions relative to this misdemeanor of which the Court of Special Sessions apparently was given exclusive jurisdiction. Section 183 of the Second Class Cities Law provides: " The police court shall have, in the first instance, exclusive jurisdiction to try and determine all charges of misdemeanor, committed within the city and shall also have exclusive jurisdiction to try and determine all complaints and charges for violation of city ordinances, and shall have the power and jurisdiction now or hereafter conferred upon courts of special sessions by section fifty-six and fifty-six-a of the code of criminal procedure. * * * But any charge of misdemeanor

pending before said police court or police justice may be removed to a court sitting with a grand jury by the same method now or hereafter provided in sections fifty-seven and fifty-eight of the code of criminal procedure; but a complaint or charge for a violation of a city ordinance shall not be removed.''

But by chapter 557 of the Laws of 1944 the provisions of section 59-a of the Code of Criminal Procedure were broadened to apply to Rensselaer County and all counties of the State of New York. By chapter 149 of the Laws of 1946, section 59-a was re-enacted as section 59 with certain minor alterations which are not material here. Section 59 provides: '' A court of special sessions, police court or city court of any city, town or village shall be divested of jurisdiction to proceed with the hearing and determination of any charge of misdemeanor if, before the commencement of the trial of any person accused of a misdemeanor, a grand jury shall present an indictment against the same person for the same offense.''

And section 59 has been construed.

In *People* v. *Rice Associates* (185 Misc. 473) a motion was made to dismiss an indictment for a misdemeanor found by a grand jury and filed before the date set for the trial of similar charges in a Court of Special Sessions. The motion was made on the ground that the Court of Special Sessions had exclusive jurisdiction or, if it had concurrent jurisdiction with the County Court, it could retain jurisdiction because it first acquired it. It was held that the jurisdiction of the Court of Special Sessions was subject to divestment under section 59-a (now § 59) of the Code of Criminal Procedure. The court said at page 476:'' I hold, therefore, that if the indictment in question was presented prior to the ' commencement of the trial ' of these defendants, as contemplated in section 59-a, the Court of Special Sessions has been divested of jurisdiction.''

Moreover, the Court of Appeals has decided this question in a case governed by the provisions of the city charter of New York, which were the same in substance as present section 59- and former section 59-a of the Code. In *People* v. *McCarthy* (168 N. Y. 549) no charge or complaint for a misdemeanor was pending before the Court of Special Sessions and it was held that the Grand Jury had jurisdiction to prefer an indictment for a misdemeanor and that its jurisdiction was not dependent upon a complaint having been previously made to a magistrate or to a Court of Special Sessions. **The**

statute then giving jurisdiction to the Courts of Special Sessions in New York County was section 1406 of the Charter of the City of New York (L. 1897, ch. 378). That section, so far as it relates to this question, provided: " The said courts of special sessions shall have jurisdiction as follows: 1. Except as otherwise provided in this title, the said courts of special sessions of The City of New York shall have in the first instance exclusive jurisdiction to hear and determine all charges of misdemeanors committed within The City of New York, except charges of libel. * * * The said courts shall, however, be divested of jurisdiction to proceed with the hearing and determination of any charge of misdemeanor in either of the following cases: First: If, before the commencement of the trial in said court of any person accused of a misdemeanor, a grand jury shall present an indictment against the same person for the same offense * * *."

This last-recited proviso creating a method of divestment of jurisdiction is the same in substance as the provisions of section 59 of the Code of Criminal Procedure. And the court stated at page 551: " The material portions of that section disclose that criminal prosecutions for misdemeanors are, in the first instance, within the exclusive jurisdiction of Courts of Special Sessions, except as otherwise provided in title three of chapter 378. Obviously, under that statute, the general rule is that Courts of Special Sessions in the first instance have exclusive jurisdiction of all misdemeanors, except libel, committed in the city of New York. But to that general rule as to jurisdiction there are certain statutory reservations or exceptions, one of which is that that court shall be divested of its jurisdiction to hear and determine charges of misdemeanors if, at any time, before trial a grand jury shall present an indictment for the same offense."

Attention has been invited to *People ex rel. Morrison* v. *Pollack* (264 App. Div. 92, affd. 289 N. Y. 600). This case originated in Erie County before the provisions of section 59-a of the Code of Criminal Procedure (now § 59) were extended to Erie County, Rensselaer County, and all the counties of the State of New York.

The motion is denied.