■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM P. O'HARRA, Appellant.— Defendant-appellant was arrested upon a charge of book-making in violation of section 986 of the Penal Law, in the City of Norwich, Chenango County, N. Y. He was taken before the County Judge of Chenango County where he waived his right to counsel, the charge was changed to a violation of section 970 of the Penal Law, being a common gambler, and the defendant, without counsel, entered a plea of guilty and was fined $150. Thereafter defendant obtained counsel, made a motion before the County Judge to vacate the judgment of conviction on the ground that the County Judge or the County Court of Chenango County lacked jurisdiction of the subject matter. The motion was denied and from that denial this appeal was taken. Section 56 of the Code of Criminal Procedure expressly grants exclusive jurisdiction of the misdemeanors listed therein to Courts of Special Sessions. A violation of section 986 of the Penal Law, with which the defendant was originally charged, and a violation of section 970 of the same law, to which he pleaded guilty, are misdemeanors listed in subdivision 35-a of section 56. The offense was alleged to have been committed within the City of Norwich. Concededly the City Court of the City of Norwich is a Court of Special Sessions, and the County Court, being a court of record, is not a Court of Special Sessions. It is not contended that any certificate of removal under section 57 of the Code of Criminal Procedure was obtained. Absent such a certificate of removal neither the County Court nor the Supreme Court had any jurisdiction over the offense originally charged against defendant or the offense to which he entered a plea of guilty and upon which sentence was imposed. (Code Crim. Pro., § 56; *People ex rel. Morrison* v. *Pollack,* 264 App. Div. 92, affd. 289 N. Y. 600; *People* v. *Knatt,* 156 N. Y. 302; *People* v. *Monahan,* 233 App. Div. 16.) Order reversed, upon the law, and the motion granted, the judgment of conviction is vacated and the remission of the fine to the defendant is directed. Bergan, P. J., Coon, Herlihy, Reynolds and Taylor, JJ., concur.