(119 App. Div. 462)

### PEOPLE ex rel. BURNS v. FLAHERTY, Sheriff.

(Supreme Court, Appellate Division, Second Department. May 3, 1907.)

1. CRIMINAL LAW—JURISDICTION OF OFFENSE—MISDEMEANORS—PETIT LAR-
   CENY.
   Under Code Cr. Proc. § 64 (Greater New York Charter, § 1409, Laws
   1901, p. 602, c. 466), giving the Court of Special Sessions of the City of
   New York jurisdiction of misdemeanors committed within the city, the
   Court of Special Sessions has jurisdiction of cases of petit larceny, since
   it is a misdemeanor under Pen. Code, § 535.
2. JURY—RIGHT TO TRIAL BY JURY—CRIMINAL PROSECUTIONS—MISDEMEANORS.
   Greater New York Charter, Laws 1901, p. 604, c. 466, § 1410, providing
   that trials for misdemeanors shall be without a jury, is not unconstitu-
   tional.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 31, Jury, § 145.]
3. CRIMINAL LAW—FORMER JEOPARDY—EFFECT OF PROCEEDINGS BEFORE JEO-
   PARDY ATTACHES—FAILURE OF GRAND JURY TO INDICT FOR HIGHER OF-
   FENSE.
   The fact that the grand jury has failed to indict an accused of grand
   larceny is not a bar to a prosecution for petit larceny.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law,
   § 289.]
4. HABEAS CORPUS—GROUNDS OF RELIEF—INVALIDITY OF PROCEEDINGS.
   Where a grand jury failed to indict for grand larceny, but wrote on
   the papers, "Sent to Court of Special Sessions by grand jury, to be dis-
   posed of as petit larceny, December 7, 1906," and subsequently the district
   attorney filed an information for petit larceny, and the accused was de-
   tained under a commitment thereon, in a habeas corpus proceeding, the
   legality of the detention is not affected by the action of the grand jury.

Appeal from Special Term, Kings County.

Habeas corpus, on the relation of Edward Burns, against Michael
J. Flaherty, sheriff of Kings County. From an order dismissing the
writ, and remanding relator, he appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS,
RICH, and MILLER, JJ.

F. J. Moissen, for appellant.

Peter P. Smith, Asst. Dist. Atty., for respondent.

JENKS, J. The appellant, arraigned for a grand larceny, was
held and was committed to the sheriff of Kings county to answer to
the grand jury. The grand jury, by its foreman, wrote on the papers:

"Sent to Court of Special Sessions by grand jury, to be disposed of as petit
larceny, December 7, 1906."

The papers further show:

"Received Court of Special Sessions, Second Division, Dec. 7, 1906. Re-
ceived at district attorney's office, Brooklyn, N. Y., Dec. 7, 1906."

The district attorney of Kings county on December 7, 1906, laid in-
formation accusing the relator of the crime of petit larceny. The re-
lator was brought up on habeas corpus issued on December 15, 1906,
to the sheriff of Kings county. The return made by the warden of the
Kings county jail on December 17, 1906, is that the relator was de-
tained by virtue of a commitment dated December 14, 1906, made by

the judges of the Special Sessions of Brooklyn, N. Y. The defendant traversed the return, stating that the relator was committed to the county jail in default of bail upon a charge of grand larceny, to await the action of the grand jury of said county on or about November 12, 1906; that the grand jury failed to indict upon the charge, but directed that the relator be tried before the Court of Special Sessions of the City of New York upon a charge of petit larceny, without the consent of the relator, thus depriving him of his right of trial by jury. The learned Special Term dismissed the writ and remanded the relator.

I think that the order must be affirmed. The prosecution for petit larceny was begun by the information of the district attorney, for which his authority is section 742 of the Code of Criminal Procedure. As petit larceny is a misdemeanor (section 535, Penal Code), the Court of Special Sessions has jurisdiction (section 64, Code Cr. Proc.; section 1409, Greater New York Charter, Laws 1901, p. 602, c. 466). The provision of section 1410 dispensing with a jury trial is not unconstitutional. People v. Stein, 80 App. Div. 357, 80 N. Y. Supp. 847, and authorities cited. The traverse does not directly challenge the procedure on the petit larceny charge, which has only gone to a commitment.

The fact that the grand jury has failed to indict the defendant for grand larceny is not a bar to prosecution for petit larceny. People v. Stein, supra. The legality of the detention under a commitment upon the information for petit larceny does not depend upon the question as to what the rights of the defendant were under a charge of grand larceny, or upon the question whether the grand jury had statutory authority to make the specific disposition of the case in question. Even if we assume that its province was either to indict or to dismiss the charge, its disposition was not any step in the procedure for a petit larceny which was initiated by the information laid by the district attorney. Even if the grand jury had dismissed the charge, the district attorney had full authority to proceed as he has done.

Order affirmed. All concur.