## PEOPLE v. VERT.

(Supreme Court, Appellate Division, Third Department. November 10, 1909.)

CRIMINAL LAW (§ 1186*)—APPEAL AND ERROR—DISMISSAL OF APPEAL.

Where a person accused of poisoning cattle was indicted and brought before the County Court for trial, instead of being prosecuted for a misdemeanor before the Court of Special Sessions, as provided by Code Cr. Proc. § 56, the certificate provided for in section 57 that such charge should be prosecuted by indictment not having been filed, and a demurrer is sustained to the indictment for lack of jurisdiction, that the objection should have been taken by motion will not justify reversing the judgment and overruling the demurrer, but the appeal will be dismissed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3219; Dec. Dig. § 1186.*]

Appeal from St. Lawrence County Court.

William Vert was indicted for poisoning cattle, a demurrer was sustained to the indictment, and an appeal taken. Appeal dismissed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, SEWELL, and COCHRANE, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

John C. Crapser, Dist. Atty., for the People.

George E. Van Kennen, for respondent.

SMITH, P. J. The defendant was indicted for poisoning cattle under section 660 of the Penal Code. He was indicted by a grand jury drawn for a term of the Supreme Court in St. Lawrence county. The case was sent to the County Court. The defendant demurred to the indictment for lack of jurisdiction. The demurrer was sustained.

The case of People v. Knatt, 156 N. Y. 302, 50 N. E. 835, seems to have settled two questions: First, that a crime committed under section 660 of the Penal Code is one triable exclusively in a Court of Special Sessions under section 56 of the Code of Criminal Procedure, unless the certificate provided for under section 57 of the Code of Criminal Procedure be made. It was conceded upon the trial that such a certificate was not made. It is further settled by the majority of the court in that case that the jurisdiction of the court could not be raised by a demurrer, but could only be raised by motion.

It is unnecessary for us to pass in any way upon the merits of this appeal. The district attorney does not claim that the grand jury had any jurisdiction to find this indictment. The defendant was, therefore, entitled to his discharge; and if we reverse this judgment, and overrule this demurrer, it would simply result in sending the prisoner back for his discharge upon motion. We are at a loss to understand how there is any practical question before us. The appeal, therefore, should be dismissed, without costs.

Appeal dismissed, without costs. All concur.