## COUNTY COURT—ESSEX COUNTY.

### December, 1912.

## THE PEOPLE v. FRED GARDNER.

(78 Misc. 514.)

PROCEDURE—MOTION IN ARREST OF JUDGMENT—DEFENDANT UNDER SIXTEEN YEARS OF AGE—WHEN GRAND JURY NO JURISDICTION TO INDICT.

Where defendant under the age of sixteen years, on being allowed to withdraw his plea of not guilty to an indictment for burglary in the third degree and grand larceny in the second degree, pleaded guilty to the burglary charge, and upon a suspension of sentence was placed in charge of the county probation officer for a period of three years, a motion in arrest of judgment pursuant to section 467 of the Code of Criminal Procedure, made the following day, on the ground that the grand jury did not have jurisdiction to find the indictment because of defendant's age, must be granted, no claim being made that a certificate pursuant to section 57 of said Code had been filed.

MOTION in arrest of judgment.

*Patrick J. Finn,* district attorney, for People.

*Maurice B. Dean,* for defendant.

PYRKE, J.:

The defendant was indicted by the grand jury of this county for the crime of burglary in the third degree and of grand larceny in the second degree. To this charge he pleaded not guilty. Subsequently, and on the first day of the November, 1912, term of the County Court, he was allowed to withdraw his plea of not guilty and to enter in its stead a plea of guilty to the charge of burglary in the third degree. Thereupon sentence was suspended, and he was placed on probation in the charge of the probation officer of the county for the priod of

three years.    On the following day Mr. Dean, who had previously been retained in his behalf, but who was not present
in court on the preceding day, appeared and made a motion in
arrest of judgment pursuant to section 467 of the Code of
Criminal Procedure.

The motion was seasonably made, judgment not having been
rendered.

Upon this motion but two questions can be considered,
namely, did the court have jurisdiction over the subject of the
indictment; and do the facts stated constitute a crime?

My conclusion on the first question makes it unnecessary to
consider the second one.

The motion must be granted, for the reason that the grand
jury did not have jurisdiction to find the indictment, because
the defendant was under the age of sixteen years, being now,
according to his appearance and by his own statement, of the
age of about thirteen years.

Section 2186 of the Penal Law provides that, " A child of
more than seven and less than sixteen years of age who shall
commit any act or omission, which, if committed by an adult,
would be a crime not punishable by death or life imprisonment,
shall not be deemed guilty of any crime, but of juvenile delinquency only    *    *    *."

Section 56 of the Code of Criminal Procedure in the
enumeration of offenses, of which in the first instance courts
of special sessions have exclusive jurisdiction to hear and determine, includes " offenses of children under section twenty-
one hundred and eighty-six of the penal law."    Subd. 27.

There is no claim here that any certificate pursuant to section
57 of the Code of Criminal Procedure has been filed.

This offense, therefore, should have been heard and determined by a Court of Special Sessions, and the defendant should
not have been indicted by the grand jury, and his plea of guilty
should not have been accepted by this court.    (People v. Knatt,

156 N. Y. 302, 13 N. Y. Crim. 92; People v. Vert, 134 App. Div. 790, 24 N. Y. Crim. 150.)

The history of the legislation differentiating in the grade and punishment of offenses committed by persons under sixteen years of age and those committed by persons over that age leaves no doubt of the legislative intent that children of tender years should not be prosecuted by indictment except for offenses of the graver character.

The first legislative enactment that has come to my attention modifying the seriousness of an offense by reason of the age of the offender is chapter 726 of the Laws of 1894, amending section 699 of the Penal Code, which is the predecessor section of section 2186 of the Penal Law. By that amendment it is provided, " Whenever a child under the age of fourteen years is charged with the perpetration of a crime, other than a capital crime, which, if committed by an adult, would be a felony, the child shall, in the discretion of the court, be tried as for a misdemeanor, and the court, magistrate or tribunal before whom such trial is held, shall impose the penalty as prescribed by law in the case of misdemeanors."

Under this amendment a child under fourteen years of age, indicted for a felony other than a capital crime, could in the discretion of the court be tried as for a misdemeanor, in which event, upon conviction, the penalty prescribed for misdemeanors would apply.

This section was further amended by chapter 103 of the Laws of 1903, raising the age limit to sixteen years.

Under both these amendments it was undoubtedly the legislative intent that crimes committed by children should be prosecuted by indictment the same as those committed by adults.

In 1905, by chapter 655, the section was again amended, reducing the grade of this character of offenses when committed by children under sixteen years of age to a misdemeanor, automatically and not by discretion. That amendment provides,

" The commission by a child under the age of sixteen years, of a crime, not capital or punishable by life imprisonment, which if committed by an adult would be a felony, renders such child guilty of a misdemeanor only   *   *   *."

By chapter 656 of the Laws of 1905, becoming a law at the same time and evidently a companion piece of legislation, section 56 of the Code of Criminal Procedure, defining the offenses to be heard and determined exclusively by courts of special sessions, was amended by adding to its 27th subdivision the words, " or offenses of children under section 699 of the Penal Code."

It was plainly the intent of the Legislature in reducing the grade of these juvenile offenses to that of misdemeanor to make them cognizable exclusively by courts of special sessions.

In 1909, by chapter 478, the Legislature again changed the phrasing of section 699 by making it read exactly as the present section 2186 of the Penal Law now reads.   The sole purpose apparently of this amendment was still further to modify the character of the offense by ceasing to classify it as crime and denominating it a " juvenile delinquency."

A survey of this legislation shows a progressive tendency on the part of the Legislature to deal gently with the misconduct of children of tender age; and there can be no doubt that since the legislation of 1905 it has been the legislative intent that no child should be the object of indictment except when charged with an offense punishable by death or life imprisonment.

The motion in arrest of judgment should, therefore, be granted.   And it appearing that the defendant cannot be convicted of any crime in this court, and that no new indictment can be framed against him, the money deposited instead of bail should be refunded.

Ordered accordingly.