---

(158 App. Div. 812.)

### PEOPLE v. PASCOWITZ.

(Supreme Court, Appellate Division, Second Department. November 14, 1913.)

1. CRIMINAL LAW (§ 176*)—PRELIMINARY EXAMINATION—EFFECT OF ERROR IN DETERMINING CRIME.

The fact that a committing magistrate, who determines that a crime has been committed and that there is sufficient cause to believe accused guilty thereof and thereupon holds him to answer, errs in his determination of the degree of the crime, does not put an end to the prosecution.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 291, 300, 304–306, 356, 358–360; Dec. Dig. § 176.*]

2. CRIMINAL LAW (§ 176*)—FORMER JEOPARDY—FAILURE TO INDICT.

The failure of the grand jury to indict one accused of felonious assault and its reduction of the crime to assault in the third degree and sending the case to the Special Sessions is not a bar to a prosecution for assault in the third degree.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 291, 300, 304–306, 356, 358–360; Dec. Dig. § 176.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Court of Special Sessions of City of New York.

Dominick Pascowitz was convicted of assault in the third degree, and he appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and PUTNAM, JJ.

A. I. Nova, of Brooklyn, for appellant.

Edward A. Freshman, Asst. Dist. Atty., of Brooklyn (James C. Cropsey, Dist. Atty., of Brooklyn, and Harry G. Anderson, Asst. Dist. Atty., of New York City, on the brief), for the People.

JENKS, P. J.    The defendant appeals from a judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, that convicts him of assault in the third degree. He was charged before a magistrate in the said borough and city with felonious assault. At the close of his examination the magistrate disposed of the case as follows:

"It appearing to me by the within depositions and statement that the crime therein mentioned has been committed, and that there is sufficient cause to believe the within-named Dominick Pascowitz guilty thereof, I order that he be held to answer the same, and that he be committed to the sheriff of the county of Kings, and that he be admitted to bail in the sum of $1,000 and be committed to the sheriff of the county of Kings until he give such bail."

The case was considered thereafter by the grand jury of the county of Kings, with this disposition, as appears by indorsement upon the papers subscribed by its foreman:

"Reduced to assault 3rd by grand jury and sent to Special Sessions 3/6/13."

Thereafter the district attorney of the said county filed an information in the said court pursuant to section 742 of the Code of Criminal Procedure, and the defendant was tried upon his plea of "not guilty."

The sole point that requires consideration was raised by the learned counsel for the defendant at the outset of the trial upon a motion to dismiss the information and for a discharge of the defendant, renewed at the close of the case for the people, and upon motion for arrest of judgment. The contention was that the court had no jurisdiction, in that the proceedings were begun in a magistrate's court upon an affidavit upon which a warrant was issued, that the defendant was charged with a felony, held to answer to that charge, which, however, the grand jury reduced to assault in the third degree and sent to the Special Sessions. I cannot find from the record that the defendant was arrested upon a warrant, for the indications are that he was arrested pursuant to the provisions of section 177 of the Code of Criminal Procedure and arraigned pursuant to section 188 thereof.

[1, 2] I cannot find specific authority for this action of the grand jury. The contention of the defendant is that, because the examining magistrate held him for an assault of a degree which is triable by indictment and therefore made return to the grand jury, the defendant cannot in course be proceeded against for the assault as of a degree not triable by indictment but by the Court of Special Sessions upon an

information. This contention involves the proposition that, although the committing magistrate determine that a crime has been committed and there is sufficient cause to believe the defendant guilty thereof, and thereupon hold the defendant to answer, and yet err in his determination of the degree of that crime, that is an end of the present prosecution. I am inclined to opinion that the contention is not sound. The purpose of the examination was fulfilled; the protection thereof was afforded, and the error in mistaking the degree of the crime is not prejudicial to the defendant. State v. Spaulding, 24 Kan. 4; Ex parte Nicholas, 91 Cal. 643, 28 Pac. 47; State v. Myers, 8 Wash. 180, 35 Pac. 580, 756. The return should have been made to the district attorney by the magistrate. Section 221, Code of Criminal Procedure. It came to him, practically from the magistrate, through the channel of the grand jury, although it is true that the magistrate did not intend that it should reach his hands. The failure of the grand jury to indict is not a bar to the present prosecution. People ex rel. Burns v. Flaherty, 119 App. Div. 462, 104 N. Y. Supp. 173. See, too, People v. Spier, 120 App. Div. 786, 105 N. Y. Supp. 741.

The chief reliance of the defendant is upon People v. Dillon, 197 N. Y. 254, 90 N. E. 820, 18 Ann. Cas. 552; but Dillon had been discharged by the magistrate, and for that reason the proceedings came to an end, whereas, as we have seen, this defendant was held by the magistrate.

I advise affirmance of the judgment.

Judgment of conviction of the Court of Special Sessions affirmed. All concur.