COUNTY COURT—COUNTY OF RICHMOND,

· August, 1914.

# THE PEOPLE v. INTERNATIONAL NICKEL CO.

JURISDICTION—FAILURE TO ALLEGE ACTS WITHIN STATE OF NEW YORK, OR
   THAT ACTS ALSO CONSTITUTED A CRIME IN A SISTER STATE.—PENAL
   LAW 1530—INJURY TO HEALTH BY NOXIOUS GASES, ETC.

   Where defendant in Bayonne, State of New Jersey, contaminated
   and infected the air in and around his plant so that the gases, etc.,
   were wafted into Richmond and New York Counties, N. Y., in or-
   der for the courts of this state to acquire jurisdiction it was neces-
   sary to allege in the indictment and to prove on the trial that the
   acts of the defendant not only constituted a crime in the State of
   New York but also constituted a crime of a corresponding nature
   in the State of New Jersey.

TIERNAN, C. J.:

   The defendant was indicted by the grand jury of this county
by indictment No. 348 with having on the 17th day of April,
1914, and for more than a year prior thereto, maintained and
operated an industrial plant, with furnaces, boilers, chimneys
and machinery, in the operation and refinement of " mat " and
other ingredients of an impure character, issuing a large quan-
tity of sulphurous and other fumes and gases, odors and smoke
of a deleterious character, which were emitted through various
apertures, windows and chimneys in and about the buildings
comprising the industrial plant of the defendant, thus perme-
ating, beclouding, contaminating and infecting the air in and
around said industrial plant and the navigable waters of New
York Bay and the Kill Von Kull, which said fumes, gases, odors
and smoke were wafted by the winds in and about the County of
Richmond and State of New York, whereby a considerable num-
ber of persons were rendered unsafe in life and the use of their·

property in violation of section 1530 of the Penal Law of the State of New York.

The defendant contends that the indictment is insufficient in that it does not appear that the alleged crime was committed by the defendant within the jurisdiction of this court, and that therefore the Grand Jury of Richmond County had no power to inquire into the alleged crime or present the same to the court.

Section 252 of the Code of Criminal Procedure provides that " the grand jury has power, and it is their duty, to inquire into all *crimes* committed or triable in the county, and to present them to the court."   Subdivision 4 of section 284 of the Code of Criminal Procedure provides that " the indictment is suffi- cient where the crime was committed at some place within the jurisdiction of the court, except where, as provided by sections 133 to 138, inclusive, the act, though done without the local jurisdiction of the court, is triable therein."   That the jurisdic- tion of the grand jury is coextensive with the powers exercised by the Supreme Court of this State is so clearly established as to make a discussion of that point unnecessary, and it is also well settled that the Penal Laws have no extra-territorial force (secs. 22 and 39, Code of Criminal Procedure; Western Coal Co. v. Kilderhouse, 87 N. Y., 435; People v. Martin, 38 Misc., 67, 76 N. Y. Supp., 953, reversing 75 A. D., 396, which was affirmed 175 N. Y., 315; People v. Central R. R. of N. J., 42 N. Y., 283).

This defendant is indicted for a violation of section 1530 of the Penal Law of the State of New York, which provides as follows:

" A public nuisance is a crime against the order and economy of the State, and consists in unlawfully doing an *act* or *omitting* to perform a duty, which *act* or *omission* (1) annoys, injures or endangers the comfort, repose, health or safety of any con- siderable number of persons, or (2) unlawfully interferes with, obstructs or tends to obstruct or renders dangerous for passage

a lake or a navigable river   *   *   *,  or (3) in any way ren-
ders a considerable number of persons insecure in life or the use
of property."

I believe that if the allegations contained in the indictment
were proven they would constitute a violation of this section,
but, conceding that to be true, the serious question presented
here is whether or not the acts constituting the crime as defined
by this section occurred within the limits of the State of New
York.   The indictment clearly sets forth that all of the *acts*
complained of as a result of which the gases and other dele-
terious fumes were wafted by the winds to the County of Rich-
mond occurred in the City of Bayonne, State of New Jersey.
I fail to find from a close examination of the indictment that
the defendant has done or failed to do any *act* or *acts* within
the boundaries of the State of New York that would give this
court jurisdiction.   It is undoubtedly true, as contended by the
learned district attorney, that the result or effect of the *acts*
of the defendant corporation done in the State of New Jersey
is felt·in the·County·of Richmond and State of New York and
causes annoyance to the inhabitants thereof, which *acts*, result-
ing in the same annoyance, if committed within the County of
Richmond or the State of New York, would constitute a nuis-
ance as defined by this section of the Penal Law.   Can the defen-
dant, therefore, be indicted for the effect or results of its acts
irrespective of the acts themselves?   I think not.

" A crime is an act or ommission forbidden by law, and crimes
are divided into two classes: I. A felony; II. A misdemeanor "
(sec. 2, Penal Law).   In the case at bar none of the acts com-
plained of actually occurred within the County of Richmond and
State of New York.   The learned district attorney has sub-
mitted for the consideration of the court upon this motion an
exhaustive brief containing a number of citations in opposi-
tion to the motion to dismiss the indictment, and places great
reliance upon the following cases:   People v. Arnstein (157 A.

D., 56), People v. Adams (1 Comst., 173), People v. Bodkin (132 Cal. 231), People v. Staples (91 Cal. 23–29). In all of these cases, together with others cited by him, some of the *acts* constituting the crime occurred in each State, and the Arnstein case was subsequently reversed by the Court of Appeals. The only case that sustains the view taken by the learned district attorney is State v. Lord (16 New Hampshire, 357) but this case has never been followed or considered good law in our State.

The learned district attorney contends that under section 1933 of the Penal Law, which provides as follows, viz, " that a person who commits an act without this State which affects persons or property within this State, or the public health, morals or decency of this State, and which, if committed within this State, is punishable, as if the acts were committed within this State," courts of this State acquire jurisdiction over this defendant. This section, however, must be considered in connection with other sections of the Code of Criminal Procedure, and particularly with reference to sections 133, 136, 137 and 138 thereof, and relates solely to *acts* done without the State by defendants over whom the State already has jurisdiction. If such were not the case, a citizen of any State might be indicted in this State for violating our laws, although his acts might be entirely legal and proper in the State wherein he committed them.

It will be observed that the gravamen of the charge not only in the sections of the Code defining crimes, but in all of the decisions, is that the *acts* and not the *result* of the *acts* constitute a crime, and as all of the *acts* complained of in the indictment actually occurred in the State of New Jersey and only the resulting effects thereof are felt in the County of Richmond and State of New York, the indictment is faulty.

The learned district attorney contends, however, that a defendant is responsible for the natural and probable consequences of his act, and as the emitting of these deleterious and

offensive odors, with the likelihood of their being wafted by the winds to the County of Richmond and State of New York, was the natural and probable consequence of the *acts* of the defendant in the conduct of its business, some of the *acts* necessary to commit the crime defined by section 1530 of the Penal Law constructively occurred in the County of Richmond. Assuming, for the sake of argument, that this contention is correct, does the indictment contain sufficient facts to give the courts of this county jurisdiction? This question has never been decided in this State prior to the finding of the indictment herein, but the Court of Appeals, by its decision in the case of the People v. Arnstein, reversing 157 Appellate Division, 56, which decision was rendered since the finding of the indictment and the argument of the motion herein, has clearly defined the law by construing subdivision 1 of section 1930 of the Penal Law, which provides for the punishment of crimes committed in whole or in part within this State. Cuddeback, J., in writing the opinion, said: " It is necessary to show *in the indictments* that the *acts* charged against the defendant constituted a crime against the laws of the State of New York and also constituted a crime of a corresponding nature under the laws of Massachusetts and Connecticut." In that case the defendant was charged with committing acts partly in the State of New York and partly in the States of Massachusetts and Connecticut, resulting in the crime of grand larceny. In order, therefore, for the courts of this State to acquire jurisdiction over this defendant it is necessary to alleged in the indictment and to prove upon the trial that these *acts* of the dedefendant not only constituted a crime in the State of New York, but also constituted a crime of a corresponding nature in the State of New Jersey, and, failing to do so, the defect is necessarily fatal.

The demurrer to the indictment is therefore sustained.