(91 Misc. Rep. 229)

PEOPLE v. ROBERTS.

(Columbia County Court. June, 1915.)

GRAND JURY ⟨⟩26—JURISDICTION—INDICTMENT—ASSAULT IN THIRD DEGREE.
    Under Code Cr. Proc. §§ 22, 39, precluding the Supreme Court and the County Court from inquiring by the intervention of a grand jury into minor offenses, of which the Courts of Special Sessions have exclusive jurisdiction under section 56, a grand jury sitting in connection with the Supreme Court was without jurisdiction in the first instance, and in the

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

absence of the certificate referred to in section 57, to indict defendant for the crime of assault in the third degree.

[Ed. Note.—For other cases, see Grand Jury, Cent. Dig. §§ 64, 65; Dec. Dig. &#9919;26.]

Philip H. Roberts was indicted for assault in the third degree, and moves to dismiss the indictment. Motion granted.

Duntz & Herzberg, of Hudson, for the motion.

John C. Tracy, Dist. Atty., of Hudson, opposed.

McNAMEE, J. The defendant was indicted at the February, 1915, term of the Supreme Court for the crime of assault in the third degree. The charge upon which the indictment was found was not presented to a Court of Special Sessions, and was lodged in the first instance with the grand jury which found the indictment. The certificate referred to in section 57 of the Criminal Code was not filed, and could not be filed, because there was no proceeding instituted in a Court of Special Sessions.

The power of the Supreme Court and of the County Court to inquire by the intervention of a grand jury into crimes committed or triable in the county is contained in sections 22 and 39 of the Criminal Code; and those sections exclude from such inquiry by those courts, in the first instance, the minor offenses of which Courts of Special Sessions have exclusive jurisdiction to hear and determine. No case has come to the attention of the court which is authority for a grand jury, in the first instance, finding an indictment for assault in the third degree, or other offenses which Courts of Special Sessions have exclusive jurisdiction to hear and determine. An examination of sections 56 and 57 and sections 22 and 39 of the Criminal Code leads to the conclusion that a grand jury has no such power in the first instance and in the absence of the certificate referred to in section 57. While section 252 of the Criminal Code gives to grand juries the power to inquire into all crimes committed or triable in the county, and to *present* them to the court, there is no statute which authorizes a grand jury in express terms to *indict* for the class of crimes enumerated in section 56 of the Criminal Code.

The views here expressed seem to be in close accord with those taken by the Court of Appeals and the Appellate Division of the Third Department, and at Trial Term. People v. Knatt, 156 N. Y. 302, 50 N. E. 835; People v. Vert, 134 App. Div. 790, 119 N. Y. Supp. 859; People v. Gardner, 78 Misc. Rep. 514, 139 N. Y. Supp. 1013. It follows, therefore, that the grand jury sitting in connection with the Supreme Court, which found the indictment against the defendant for the crime of assault in the third degree, was without jurisdiction to do so. The indictment should be dismissed, and the sureties on the bail bond of the defendant released.

Motion granted.