THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* POWELL COOPER, Defendant.

County Court, Dutchess County, February 18, 1936.

*John R. Schwartz, District Attorney [Ely L. Gellert, Assistant District Attorney,* of counsel], for the plaintiff.

*Herbert J. Davis,* for the defendant.

FLANNERY, J. This is a demurrer to an indictment charging the defendant with the crime of assult in the third degree.

The indictment, dated December 30, 1935, charges the defendant with the crime as above stated and was handed down by the September term, County Court grand jury. It appears that prior to said indictment the defendant was charged upon an information of Henrietta Butler, dated December 7, 1935, with the crime of assault in the second degree as prescribed in section 242 of the Penal Law, and which crime is concededly a felony. The defendant was arraigned before a justice of the peace in the town of Pleasant Valley on that charge and informed of his rights. The defendant waived examination, and the said justice held the defendant for the action of the grand jury. Concededly the Special Sessions Court had no jurisdiction to try the defendant for the crime charged, and no objection is raised throughout the proceedings as to the prejudicing of the rights of the defendant in any manner in the lower court. Therefore, the case, pursuant to the statutes, was properly transferred from the lower court to the grand jury for action. We may, therefore, assume that the case was properly before the grand jury, the crime being a felony.

The question raised under this demurrer is one of jurisdiction, the defendant claiming that the grand jury had no right to find an indictment of assault in the third degree, which is a misdemeanor, and, therefore, the County Court had no jurisdiction to try this case, inasmuch as section 56 of the Code of Criminal Procedure states that Courts of Special Sessions have exclusive jurisdiction of misdemeanors. Section 56 states as follows: " Subject to the power of removal provided for in this chapter, courts of special sessions, except in the city and county of New York and the city of Albany, have in the first instance exclusive jurisdiction to hear and determine charges of misdemeanors committed within their respective counties as follows: * * * 2. Assault in the third degree."

There is no dispute as to this particular section. " In the first instance exclusive jurisdiction " does not mean that courts of general jurisdiction are deprived of jurisdiction to try misdemeanors. It is true that had the original information in this case been one charging the defendant with assault in the third degree, the lower court would have had in the first instance exclusive jurisdiction, but this was not the case. The original complaint, as above

stated, was assault in the second degree, and, therefore, the case was properly sent to the grand jury. If in the wisdom of the grand jury there was insufficient evidence to hold the defendant for assault in the second degree, it then was the duty of that body to hold the defendant for such crime as the evidence warranted. In the opinion of that body, it warranted the holding of the defendant for assault in the third degree, which was proper.

An inspection of *People* v. *Roberts* (91 Misc. 229) does not seem to be directly in point as suggested by the defendant. In that case " the defendant was indicted * * * for the crime of assault in the third degree. The charge upon which the indictment was found was not presented to a Court of Special Sessions, and was lodged in the first instance with the grand jury which found the indictment * * *. No case has come to the attention of the court which is authority for a grand jury, in the first instance, finding an indictment for assault in the third degree, or other offenses which Courts of Special Sessions have exclusive jurisdiction to hear and determine."

In the *Roberts Case* (*supra*) the grand jury took jurisdiction exclusively and in the first instance, and this was improper and so held in that case. This court has no quarrel with the principles laid down in the *Roberts* case, but they do not apply to the case at bar because the grand jury in the instant case had jurisdiction by virtue of the charge of assault in the second degree as originally made.

The only method by which the grand jury could have jurisdiction of a misdemeanor would be as prescribed in section 57 of the Code of Criminal Procedure, by removal on certificate. This was not the situation in the instant case.

In *People* v. *McCarthy* (168 N. Y. 549) Judge MARTIN states: " still it by no means follows that it was the intent of the legislature to deprive courts of record of jurisdiction by a grand jury to present an indictment for a misdemeanor, although no prosecution therefor was pending in the Court of Special Sessions. We think the construction contended for by the defendant is not justified." Further quoting from the *McCarthy Case* (*supra*): " It is further insisted that the words ' in the first instance ' indicate that the proceeding must have been instituted in a Court of Special Sessions before an indictment could be preferred by a grand jury. We do not think that claim can be upheld. The words ' in the first instance ' may well be regarded as words of limitation and as disclosing an intent that the exclusive jurisdiction conferred upon Courts of Special Sessions exists only where no other authorized proceeding is pending. Obviously the principal purpose of that language was to so define the jurisdiction of that court as

to exclude the power to review the action of any other tribunal or officer."

This case refers to the New York city act, but the reasoning seems to be identical with the intent of the Legislature under section 56 of the Code of Criminal Procedure.

In *People* v. *Knatt* (156 N. Y. 302), as submitted, this court cannot find where it is in point with the instant case. In the *Knatt* case the grand jury indicted the defendant for a misdemeanor in the first instance and no proceedings were ever commenced in a Court of Special Sessions. This court does not disagree with this law in any manner, but these facts differ from the instant case and are not applicable herein.

*People* v. *Pascowitch* (158 App. Div. 812), as submitted, does not bring out any point in keeping with the case at bar, but in the *Pascowitch* case the grand jury indorsed upon the papers " reduced to Assault 3rd by Grand Jury and sent to Special Sessions." Even in that case, after being tried in Special Sessions and the defendant convicted and an appeal taken therefrom, the judgment of conviction of the Court of Special Sessions was affirmed.

The question of jurisdiction is again raised in *People* v. *Wenk* (71 Misc. 368), and refers, however, to the statute (Laws of 1910, chap. 659, § 31) establishing the Inferior Criminal Courts in the city of New York. In that case the defendants were indicted for an attempt to extort money by means of verbal threats, which was concededly a misdemeanor. (See Penal Law, § 857.) Judge FAWCETT, in his opinion, referring to the word " exclusive " in that statute establishing the inferior courts, said that it " was not intended to limit the jurisdiction of courts of general jurisdiction, but was intended to define the jurisdiction of the inferior criminal courts established thereby, as between themselves," and therein citing *People* v. *McCarthy* (168 N. Y. 549).

It is true that there is a difference in the status of the Inferior Criminal Courts Act of the City of New York and section 56 of the Code of Criminal Procedure applicable in all Courts of Special Sessions, except that of the city and county of New York and the city of Albany (See § 56), but the intent of the Legislature can be well borne out by the reasoning of Judge FAWCETT in the *Wenk Case* (*supra*) and this seems to be the situation in the instant case. In the *Wenk* case the motion to dismiss the indictment was denied. The learned judge further stated in reference to the inferior courts of the city of New York:

" It does clearly indicate that the legislative understanding of the phrase, ' in the first instance, exclusive jurisdiction,' as applied to inferior courts, is adverse to the claim of the defendants in the case at bar."

Section 252 of the Code of Criminal Procedure states: "The grand jury has power, and it is their duty, to inquire into all crimes committed or triable in the county, and to present them to the court." It, therefore, follows there are two types of crimes: 1. A felony. 2. A misdemeanor. (Penal Law, § 2.) Assault in the third degree is a misdemeanor. (Penal Law, § 244; Code Crim. Proc. § 56.)

Assault in the second degree is concededly a felony and, therefore, does not come within the jurisdiction of section 56 (*supra*).

Therefore, the Court of Special Sessions in the first instance entertained a charge of felony and was without jurisdiction to try and determine except as prescribed under sections 221, 207 and 208 of the Code of Criminal Procedure wherein a magistrate must discharge a defendant after examination or hold him to answer as provided. There was no testimony taken or examination demanded by the defendant; therefore, the magistrate was without power to discharge. The defendant waived examination. It was, therefore, the duty of the magistrate to hold him to answer as provided in sections 221, 207 and 208 (*supra*). Once the grand jury acquires jurisdiction, it has the right and power to find any indictment arising out of the state of facts, and thus the case is presented legally before the grand jury by virtue of the charge being a felony, and the grand jury, therefore, did have jurisdiction over the facts of this case.

In *People ex rel. Bedell* v. *Foster* (132 App. Div. 116) defendant was indicted for grand larceny in the first degree, and in the second count of the same indictment with a misdemeanor. Defendant in this instance appealed on the ground that indictment was invalid; that the grand jury was without jurisdiction in view of the absence of a certificate under provisions of section 57 (*supra*), the indictment containing a misdemeanor, and that, therefore, the grand jury was without jurisdiction. The court then held, "this contention is without merit." The grand jury had jurisdiction of the felony charge notwithstanding the same facts might constitute an additional and different crime. *Having jurisdiction of the major crime the court had jurisdiction of any crime arising out of the same facts.*

In *People ex rel. Smith* v. *McClellan* (133 Misc. 280, at p. 284) the learned Mr. Justice GEORGE H. TAYLOR, JR., quotes as follows: " No reason is perceived why a court of general criminal jurisdiction, proceeding according to the course of the common law, should be deprived of the power to hear, try and determine concerning all offenses committed within its county. At all events it should not be held to be deprived of its jurisdiction unless the intention to do so is clearly manifest."

It, therefore, appears to this court that the grand jury had jurisdiction in the first instance of the crime as referred to it by the inferior court, and then, if in its wisdom there were facts insufficient to constitute the crime of assault in the second degree, that it had a right to indict for assault in the third degree providing there were sufficient facts to warrant such indictment, which apparently was the case. This court is convinced that it would not be within the powers of the grand jury in the first instance, without any proceedings in the lower court, to accept exclusive jurisdiction over any of the crimes specified in section 56 (*supra*). Where that body obtains through proper legal channels, jurisdiction of a crime such as the case at bar, then its jurisdiction is proper and it has a right then to inquire completely into that crime or any other crime arising from the same state of facts and circumstances in connection with the defendant therein charged.

The grand jury in this case, therefore, had a right to indict the defendant for the crime of assault in the third degree. The County Court has a right to try the defendant on that indictment.

The demurrer to the indictment and the motion to dismiss that indictment is denied.

Submit order.