THE PEOPLE OF THE STATE OF NEW YORK ex rel. MINA
   FOLK, Appellant, against JOHN J. McNULTY, as Sheriff
   of the County of Albany, Respondent.

Argued January 17, 1939; decided January 18, 1939.

566

' *Robert E. Whalen* and *George W. Foy* for appellant. The Police Court of the City of Albany has exclusive jurisdiction to try and determine all charges of misdemeanor committed within that city, including the misdemeanor with which relator has been charged. (Cons. Laws, ch. 53, §§ 180, 183, 250; *House* v. *Bodour*, 168 Misc. Rep. 766; Cons. Laws, ch. 64, § 182; *People* v. *Monahan*, 257 N. Y. 388; *People* v. *Kischel*, 276 N. Y. 116; *People ex rel. Kohut* v. *Hendrickson*, 249 App. Div. 528; 276 N. Y. 563; *People* v. *McCarthy*, 168 N. Y. 549; *People* v. *Roberts*, 91 Misc. Rep. 229; *Matter of Defazio* v. *Oneida County Court*, 140 Misc. Rep. 487; *People* v. *Sansone*, 147 Misc. Rep. 581; *People ex rel. Kipper* v. *Ellinger*, 239 App. Div. 647; 266 N. Y. 423; *People ex rel. Saranac Land & Timber Co.* v. *Supreme Court*, 220 N. Y. 487.) The Extraordinary term is without power to try relator for the misdemeanor charged in the case pending against her in the Albany Police Court. (*People ex rel. Mayor* v. *Nichols*, 79 N. Y. 582; *Matter of Stilwell*, 139 N. Y. 337; *People* v. *Coughtry*, 58 Hun, 245; 125 N. Y. 723; *People* v. *Monahan*, 257 N. Y. 388; *People ex rel. Kohut* v. *Hendrickson*, 249 App. Div. 528; 276 N. Y. 563; *Prescott* v. *Ferris*, 251 App. Div. 113; *Matter of Davies*, 168 N. Y. 89; *People ex rel. Burby* v. *Howland*, 155 N. Y. 270; *Darweger* v. *Staats*, 267 N. Y. 290.) The conflict between section 67 of the Executive Law (Cons. Laws, ch. 18) and section 183 of the Second Class Cities Law

must be resolved in favor of the latter as the latest expression of the legislative will. (*Matter of City of New York* v. *Deyo*, 158 App. Div. 319; 213 N. Y. 706; *People* v. *O'Brien*, 38 N. Y. 193; *Koster* v. *Coyne*, 184 N. Y. 494; *People ex rel. Fowler* v. *Bull*, 46 N. Y. 57; *Matter of Mead*, 74 N. Y. 216; *Matter of Tiffany*, 179 N. Y. 455; *Excelsior Petroleum Co.* v. *Lacey*, 63 N. Y. 422; *Matter of La Rocca* v. *Flynn*, 257 N. Y. 5; *Polhemus* v. *Fitchburg R. R. Co.*, 123 N. Y. 502; *Matter of Thomas*, 216 N. Y. 426; *Hyatt* v. *Taylor*, 42 N. Y. 258; *People ex rel. Brown* v. *Woodruff*, 32 N. Y. 355.)

*John J. Bennett, Jr., Attorney-General* (*Henry Epstein* and *John R. O'Hanlon* of counsel), for respondent. The Extraordinary Term, appointed by the Governor under section 67 of the Executive Law (Cons. Laws, ch. 18) and the grand jury summoned for such term, have jurisdiction to inquire into, to indict for and to try all violations of article 74 of the Penal Law in the county of Albany, including the violation of such article of the Penal Law by the relator. (*People* v. *Tru-Sport Pub. Co.*, 160 Misc. Rep. 628; *DeHart* v. *Hatch*, 3 Hun, 375; *People ex rel. Mayor* v. *Nichols*, 79 N. Y. 582; *Barone* v. *Ætna Life Ins. Co.*, 260 N. Y. 410; *Jones* v. *People*, 79 N. Y. 45; *People* v. *Farini*, 239 N. Y. 411; *People* v. *Wenk*, 71 Misc. Rep. 368; *People* v. *McCarthy*, 168 N. Y. 549; *Matter of Church*, 92 N. Y. 1; *Admiral Realty Co.* v. *City of New York*, 206 N. Y. 110; *People ex rel. Kipper* v. *Ellinger*, 239 App. Div. 647; 266 N. Y. 423; *People ex rel. Willett* v. *Quinn*, 150 App. Div. 813; *People* v. *England*, 91 Hun, 152; *People* v. *Luft*, 192 App. Div. 713; *People* v. *Harrison*, 238 N. Y. 348.)

*Per Curiam.* Albany is a city of the second class.

By the Second Class Cities Law (Cons. Laws, ch. 53), section 183, the Police Court is given exclusive jurisdiction to try and determine all charges of misdemeanors committed within the city. We find similar provision in

section 56 of the Code of Criminal Procedure pertaining to Courts of Special Sessions outside of the city and county of New York and the city of Albany. These courts have, in the first instance, exclusive jurisdiction to hear and determine charges of misdemeanors within their respective counties.

Upon a certificate of a county judge or a justice of the Supreme Court, stating that it is reasonable that such misdemeanor be prosecuted by indictment, the charge may be removed to a grand jury. All these provisions relate to the jurisdiction of courts to try and dispose of misdemeanors.

There is another act of the Legislature, however, besides the Code of Criminal Procedure which relates to the prosecution of crime. It is section 67 of the Executive Law (Cons. Laws, ch. 18), which, as its very terms indicate, is a superseding act. Whenever the Attorney-General shall advise the Governor that there is occasion for an Extraordinary Term in a county to inquire into and try cases arising under article 74 of the Penal Law, the Governor may appoint an Extraordinary Term of the Supreme Court to be constituted and held for the trial of criminal cases in such county pursuant to section 153 of the Judiciary Law (Cons. Laws, ch. 30). Jurors shall be summoned for the term. This power under section 67 relates solely to crimes against the elective franchise and prosecutions under the Election Law (Cons. Laws, ch. 17) and article 74 of the Penal Law which is the provision relating to the elective franchise. The purpose of this act is to provide a method of prosecuting all crimes relating to this subject when the Attorney-General advises that there has been a breakdown in the enforcement of the law. When the Governor appoints the Extraordinary Term upon the Attorney-General's recommendation it would be strange indeed if the court and the grand jury could only deal with felonies but not misdemeanors. The very purpose

for which the extraordinary remedy is afforded would thus be crippled by reaching only half or at least a portion of the offenses.

We are of the opinion that section 67 of the Executive Law conferred jurisdiction upon the judge and the grand jury of this Extraordinary Term to investigate all and any crimes connected with the elective franchise.

Upon this ground, without considering any other, the order appealed should be affirmed, without costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Order affirmed.