THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN R. KAWIECKI, Relator, *v.* DANIEL W. CARHART, Sheriff of Rensselaer County, Respondent.

Supreme Court, Rensselaer County, April 4, 1939.

*John C. Rafter, Jr.*, for the relator.

*Charles J. Ranney, District Attorney*, for the respondent.

RUSSELL, J. Upon the return of habeas corpus the relator asks for his release from imprisonment upon the ground that there was no jurisdiction in the court which committed him.

It appears that the relator John Kawiecki was arrested in the city of Albany without a warrant and taken before a justice of the peace in the town of East Greenbush, Rensselaer county, and there charged with the crime of assault, second degree, upon an information being laid by members of the New York State Police. He was then informed by the justice of the peace that he could not fix bail inasmuch as the charge laid was a felony, but that he would give him a hearing or the relator could waive for the grand jury. The relator waived for the grand jury. The grand jury indicted the relator for the crime of assault, third degree, to which the defendant pleaded guilty and was sentenced by the county judge of Rensselaer county for a term of six months to the Rensselaer county jail.

The relator now contends that the grand jury had no jurisdiction to indict him for assault, third degree, because his case was not transferred from the justice of the peace, pursuant to subdivision 1 of section 39 of the Code of Criminal Procedure, and refers especially to the certificate cited in said subdivision 1, which said certificate is also mentioned in section 57 of the Code of Criminal Procedure.

The grand jury in the first instance acquired jurisdiction because the crime charged was a felony. From the same state of facts that charged a felony the grand jury in its discretion indicted for assault, third degree. This it had a right to do. (*People* v. *Cooper*, 158 Misc. 419, and cases cited.)

Section 252 of the Code of Criminal Procedure reads as follows: " The grand jury has power, and it is their duty, to inquire into all crimes committed or triable in the county, and to present them to the court." Where the grand jury acquires jurisdiction in the first instance it has a right to indict for any degree of a crime which flows from the same state of facts as the crime charged in the first instance. Crimes are divided into two classes: (1) Felonies; (2) misdemeanors. Section 252 of the Code of Criminal Procedure gives the grand jury jurisdiction over both classes.

The words " exclusive jurisdiction " when used with respect to inferior criminal courts were not intended to limit the jurisdiction of courts of general jurisdiction, but was only intended to define the jurisdiction of inferior criminal courts established thereby as between themselves. (*People* v. *Wenk*, 71 Misc. 368; *People* v. *McCarthy*, 168 N. Y. 549.) It, therefore, follows that if the words " exclusive jurisdiction " were not intended to limit courts of general jurisdiction they never were intended to limit the general jurisdiction of a grand jury especially in view of section 252 of the Code of Criminal Procedure. The grand jury having . acquired jurisdiction in the first instance rightfully indicted him for the degree of crime the facts warranted. There is no power vested by statute in the grand jury to send the case back to a Court of Special Sessions. The grand jury could either indict or not indict. This being so, the allowance of writs of habeas corpus upon the argument presented would open innumerable avenues of escape for many criminals. The use of the words in the statute " exclusive jurisdiction " were used simply to prevent a conflict of courts having jurisdiction over the same person for the same offense. It was a precautionary measure to prevent a violation of the Constitution upon the elementary principle that no person shall be subject to be twice put in jeopardy for the same offense.

The grand jury, therefore, had jurisdiction over the indictment it found.

The writ is, therefore, denied.

Submit order.