THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* GEORGE RUTTLES, Defendant.

Supreme Court, Extraordinary Term, Orange County, October 19, 1939.

*Edward G. O'Neill, Assistant Attorney-General,* for the plaintiff.

*Jacob A. Decker,* for the defendant.

PERSONIUS, J. The defendant was indicted May 24, 1939, for misdemeanor under section 982 of the Penal Law.

Subdivision 35-a of section 56 of the Code of Criminal Procedure provides that Courts of Special Sessions have *exclusive* jurisdiction thereof. Concededly no certificate of removal under section 57 was given. The defendant, therefore, argues that the grand jury has no jurisdiction of the offense. The People, on the contrary,

say that the Supreme Court is a *constitutional court of general jurisdiction*, and that while the Legislature can give to other courts *concurrent* jurisdiction, it cannot take away the constitutional jurisdiction of the Supreme Court.

The jurisdiction of the grand jury, sitting with a term of the Supreme Court, is coextensive with that of the Supreme Court. (*People* v. *International Nickel Co.*, 155 N. Y. Supp. 156, 158; affd., 218 N. Y. 644.)

The Supreme Court was created, or more properly speaking continued (State Const. art. 6, § 1), with " general jurisdiction in law and equity." Such was the language of previous Constitutions. " The terms used are so comprehensive, that they include all cases of every description in law and equity, from the most important and complicated to the most simple and insignificant, and they imperatively and positively establish the court with that extended jurisdiction. * * * It [the court] was rendered permanent and uniform * * *, it has not been left to the Legislature either to abridge or limit them by any interposition on its part. * * * If that could be done, then the jurisdiction of the court would depend upon the Legislature instead of the Constitution; and if it should be done, the Court would no longer have general jurisdiction in law and equity, as the Constitution has provided * * *. If the Legislature can declare that the court would have no jurisdiction over one class of cases, it may do so as to all, and in that way the provision contained in the Constitution could be completely abrogated." (*DeHart* v. *Hatch*, 3 Hun, 375, 380, 381; cited with approval in *People ex rel. Swift* v. *Luce*, 204 N. Y. 478, 487.)

Enlightening discussions of the power and authority of the Supreme Court are found in *Matter of Steinway* (159 N. Y. 250, 255 *et seq.*) and *People ex rel. Folk* v. *McNulty* (256 App. Div. 82, 89). The origin of the Supreme Court is found in a statute of the Colony of New York which gave that court " Cognizance of all pleas, civill, *criminall* and mixt." (Italics ours.) Recently in *Decker* v. *Canzoneri* (256 App. Div. 68, 71) it was said: " The Supreme Court is the only court of original general jurisdiction coextensive in the arena of its exercise with that of the sovereignty which created it. * * * The jurisdiction of the Supreme Court is general, unlimited and unqualified and the Legislature has no power to qualify it. * * * Any act of the Legislature which deprives the court of jurisdiction it had at the time of the adoption of the Constitution or limits or qualifies it is unconstitutional and void."

Giving *concurrent* jurisdiction to the Surrogate's Court (*Matter of Albanese*, 245 App. Div. 404, 406; *Matter of Stillwell*, 139 N. Y.

337, 341), or to the State Industrial Board (*Barone* v. *Ætna Life Ins. Co.*, 260 id. 410, 414), or to any other court or tribunal, does not oust the Supreme Court of its jurisdiction. "The Legislature cannot by statute deprive it [Supreme Court] of one particle of its jurisdiction, derived from the Constitution (Art. VI), although it may grant concurrent jurisdiction to some other court, as it has done to the Surrogate's Court." (*Matter of Malloy*, 278 N. Y. 429, 432.)

Both parties cite *People ex rel. Folk* v. *McNulty* (256 App. Div. 82; affd., 279 N. Y. 563). The defendant there was indicted by the grand jury sitting with an Extraordinary Term of the Supreme Court. It was called under section 67 of the Executive Law. Article 74 of the Penal Law there referred to applies to the elective franchise. The petitioner was charged with a violation of the Election Law. He obtained a writ of habeas corpus, claiming that the Police Court had jurisdiction and that the Supreme Court grand jury had no jurisdiction. The Appellate Division dismissed the writ. The opinion of HEFFERNAN, J., concurred in by Presiding Justice HILL, said in substance: (1) That the grand jury had jurisdiction by reason of section 67 of the Executive Law, and (2) that it had jurisdiction because the general jurisdiction conferred on the Supreme Court by the Constitution could not be abridged by the Legislature by giving exclusive jurisdiction to inferior courts. The Court of Appeals, affirming the Appellate Division, said (279 N. Y. 569): " We are of the opinion that section 67 of the Executive Law conferred jurisdiction * * * to investigate all and any crimes connected with elective franchise. Upon this ground, *without considering any other*, the order appealed should be affirmed." (Italics ours.)

The question as to the Supreme Court's jurisdiction of all misdemeanors is, therefore, still open in the Court of Appeals.

The defendant relies on *People* v. *Knatt* (156 N. Y. 302). There the defendant was indicted in the Court of *Oyer and Terminer* on January 27, 1893, for a misdemeanor. The court held that the Court of Special Sessions had exclusive jurisdiction and reversed the conviction. At the outset of his discussion (p. 307) O'BRIEN, J., said: " *The court in which this indictment was found was not a court of general criminal jurisdiction.*" (Italics ours.) ".The history of the Oyer and Terminer previous to the Revolution was quite obscure." However, it was not a court of general jurisdiction. (*People* v. *Judges of Oyer & Terminer*, 2 Barb. 282, 289, 290.) It does not appear to have been of constitutional origin. In volume II of the Revised Statutes of New York (1829), title IV, we find its powers. defined in section 29 *et seq.*, page 205. The fourth Constitution (1894), section 1 of article 6, continued the Supreme

Court with general jurisdiction, while section 6 abolished Courts of Oyer and Terminer from and after the last day of December, *1895.* (1 Lincoln's Constitutional History, pp. 364, 368.) Although *People* v. *Knatt* (*supra*) was decided in 1898, the indictment was found in the Court of Oyer and Terminer in *1893,* and as said by O'Brien, J.: " The court in which this indictment was found was not a court of general criminal jurisdiction." The Supreme Court in which the indictment here was found is a court of general jurisdiction.

The defendant cites other cases which are not controlling. In *People* v. *Gardner* (78 Misc. 514) it does not appear whether the indictment was found in the Supreme Court or County Court, but the plea of guilty was in the County Court. In *People* v. *Wert* (134 App. Div. 790) the indictment was found in the Supreme Court but the case was sent to the County Court. It was decided on the authority of *People* v. *Knatt* (*supra*), without discussing the constitutional jurisdiction of the Supreme Court; indeed the district attorney did not claim jurisdiction. In *People* v. *Roberts* (91 Misc. 229) the court said: " The power of the Supreme Court and of the County Court  *  *  *  is contained in sections 22 and 39 of the Criminal Code," indicating that the jurisdiction of the Supreme Court as conferred by the Constitution was not called to the court's attention. In *People* v. *Kraft* (229 App. Div. 281) the question here was not discussed, and *People* v. *Knatt* (*supra*) was cited only to the proposition that the question of jurisdiction could be raised by demurrer or motion to vacate. In *People* v. *Monehan* (257 N. Y. 388) the defendant was apparently indicted in the County Court. The question whether the Village Law, giving the village police justice exclusive jurisdiction of any misdemeanor, ousted the Supreme Court of jurisdiction was not presented.

It may be argued that section 57 of the Code of Criminal Procedure is without purpose if the Supreme Court has, without a certificate, jurisdiction of misdemeanors. The purpose of section 57 was to enable a defendant, for good reason, to *force* the prosecution to take his case into a court of record. (*People ex rel. Kohut* v. *Hendrickson,* 249 App. Div. 528.)

We hold that the Supreme Court has constitutional general jurisdiction of all matters, including misdemeanors, and that while the Legislature can give Courts of Special Sessions concurrent jurisdiction of misdemeanors, its attempt to make that jurisdiction exclusive and to thereby deprive the Supreme Court of its jurisdiction was unavailing.

Defendant's demurrer is overruled and motion denied.

Submit order accordingly.